In the Matter of the Estate of GEORGE W. CHILDS, Deceased.

Surrogate's Court, Westchester County, July 11, 1939.

*Wrenn & Schmid*, for the Kings County Trust Company as trustee of the trust for James Howard Childs and Augusta E. Childs.

*Howard A. Butler*, for The Chase National Bank, as executor, etc., of Florence M. Childs, deceased.

*Couper, Terry & Turnbull,* for James Howard Childs, individually and James Howard Childs, Amy Childs Rose and Charles O. Worden, as executors, etc., of Augusta E. Childs, deceased.

MILLARD, S. This decedent died on January 11, 1927, leaving a will, thereafter duly admitted to probate, in which he appointed his wife Florence M. Childs and a friend Frederick P. Palen as executors. Both executors qualified and acted in that capacity, but have since died.

In paragraph " Seventh " of his will, testator created a trust fund of one hundred thousand ($100,000) dollars for the benefit of a brother and sister. Said paragraph, in so far as it it pertinent here, reads as follows:

" *Seventh.* I give and bequeath to the Kings County Trust Company, a corporation with offices in Brooklyn, New York, the sum of One hundred thousand (100,000) dollars, BUT IN TRUST NEVERTHELESS, to hold, manage, invest and re-invest the same, receiving all income therefrom, and to pay the net income thereof quarter-yearly or in convenient installments, one-half to my brother, James Howard Childs, and one-half to my sister, Augusta E. Childs, so long as they both shall live. Upon the death of either my said brother, James Howard, or my sister, Augusta E., then the said trust shall terminate and my said trustee is hereby directed to pay over or transfer to the survivor of my said brother or sister the sum of Fifty thousand ($50,000) dollars in money, or the equivalent in securities, the same to be the absolute and unrestricted property of such surviving brother or sister, as the case may be; and to pay over or transfer to the legatee and devisee of my residuary estate, or to the legatees and devisees thereof, as the case may be, the balance of the said trust fund or funds, the same to become a part and portion of my residuary estate, as hereinafter disposed of or referred to."

In paragraph " Ninth " of the will, the testator gave the residue of his estate to his wife Florence M. Childs " absolutely and in fee simple." Florence M. Childs, testator's widow, died on February 5, 1933, leaving a will thereafter probated here, in and by which she disposed of her entire estate, expressly including her remainder interest in the aforesaid trust fund, and appointed The Chase National Bank of the City of New York as the executor thereof.

On or about November 22, 1929, the Kings County Trust Company received a check for $100,000 from Frederick P. Palen, as executor of the will of this decedent, and thereafter entered upon the discharge of its duties as trustee under article " Seventh " of said will.

Augusta E. Childs, one of the life beneficiaries of said trust, died on September 17, 1938, a resident of Broome county, leaving a will duly admitted to probate, in which she appointed James Howard Childs, Amy Childs Rose and Charles O. Worden as executors. Upon her death, the trust terminated. James Howard Childs, the other beneficiary of the trust, is still living.

The trustee is now accounting, and in its petition asks for the following relief:

(a) That its account be judicially settled;

(b) That this court make a separate decree construing and determining whether the gift of fifty thousand ($50,000) dollars " in money, or the equivalent in securities " payable to James Howard Childs is a preferred net gift of fifty thousand ($50,000) dollars, payable from the principal of the trust, the commissions and other administration expenses of the trust chargeable to principal, including the expenses of this accounting, to be borne from the balance of the principal of the trust, or whether such gift is, in effect, a gift of one-half (1/2) the principal of the trust fund, as constituted at the termination of the trust;

(c) That this court determine whether distribution shall immediately be made, or whether the trustee shall retain the assets for orderly liquidation of the trust principal;

(d) That this court make direction as to the respective rights of the persons entitled to such principal; and

(e) That this court determine to whom, and in what amounts, the income of the trust be distributed.

The language used by the testator clearly indicates his intention that the survivor of James Howard Childs and Augusta E. Childs should receive a *net* gift of $50,000 in cash " *or the equivalent in securities.*" It is a specific gift out of a certain designated fund. It partakes of the nature of a demonstrative legacy, and as such is entitled to a preference. (*Matter of Armstrong*, 160 Misc. 806, and cases cited.) (Italics mine.)

It is, therefore, determined, first, that James Howard Childs, as the survivor of the two persons named in paragraph " Seventh " of the will is presently entitled to $50,000 in cash or, at the election of the trustee, to its equivalent in securities at their market value as of the date of the termination of said trust, free of all charges thereon; and second, that The Chase National Bank, as executor of the will of Florence M. Childs, deceased, is entitled to receive the balance of the trust fund *in cash*, less commissions, administration and other expenses properly chargeable upon the whole trust fund. (*Villard* v. *Villard*, 219 N. Y. 482, 500; *Matter of Froelich*, 150 Misc. 371.) (Italics mine.)

According to Schedule " G " of the trustee's account, the principal amount of the trust now remaining in its hands is $100,100.19, made up of the following items:

| | | |
|---|---:|---:|
| Bonds at cost price | $4,690 | 50 |
| Mortgages having a face value of | 58,930 | 00 |
| Two parcels of real estate acquired through foreclosure, the values representing the trustee's investments therein | 19,491 | 68 |
| Cash on deposit | 16,988 | 01 |

From this state of facts it will be seen that the immediate distribution to the respective beneficiaries cannot be made in cash. The trustee is advised, however, to cause an immediate equal partial payment of cash principal to be made on account to James Howard Childs and The Chase National Bank as executor of Florence M. Childs, deceased, after first reserving sufficient cash to meet the proper expenses of the orderly liquidation of the trust principal. The trustee is also advised that it may retain for orderly liquidation all other assets of said estate, making payments to the beneficiaries on account as and when possible. Schedule " G " of the account also shows that the trustee has cash income on hand amounting to $1,494.15 for distribution. Of this amount $748.33 represents interest accruing to the date of death of Augusta E. Childs and is payable to her executors. The estate of Augusta E. Childs will also be entitled to receive, when collected, one-half interest and accrued interest on two certain bonds and mortgages forming part of the trust assets, and which amounts to $532.77, less commissions thereon. The balance of income amounting to $745.82 will be allocated between James Howard Childs and The Chase National Bank as executor, etc., as their interests appear.

Settle decree accordingly.