In the Matter of the Estate of JAMES L. WANDLING, Deceased.

Surrogate's Court, New York County, December 15, 1943.

*John A. Dutton,* sole surviving trustee, *pro se,* petitioner.

*Alfred E. Buck* for Robert W. Skinner, as executor of Celia V. Wandling, deceased trustee, respondent.

DELEHANTY, S. The deceased income beneficiary whose life measured the trust was a trustee under the will. The surviving trustee has accounted and his account has been adopted by the representative of the deceased life beneficiary. The surviving trustee seeks annual principal commissions for the years 1931 to 1943, inclusive, at the rates fixed by paragraph 1B of the first subdivision of section 285-a of the Surrogate's Court Act, and he seeks also annual income commissions for the years 1942–1943 at the rates fixed by paragraph 1A of said subdivision of that section. Those provisions operate prospectively only (*Matter of Hurlbut,* 180 Misc. 681). No allowances will be made under such subdivisions for the reasons stated in the cited case.

The surviving trustee asks principal commissions under subdivision 3 of section 285-a. Such commissions are allowed him. This subdivision requires that credit be given for the commissions heretofore allowed.

In respect of the claim of the estate of the deceased trustee for like principal commissions the new statute is a bar. Under it principal commissions are computed only on " principal distributed ". The deceased trustee did not and could not make distribution of the capital of a trust limited on her own life. Prior to the trustee's death there were some trust distributions of principal for administration expenses, but since the deceased trustee was allowed receiving commissions under the old law under a decree dated February 17, 1931, and since the commissions so allowed are vastly in excess of the commissions computable under the new law on the small sum so disbursed during the lifetime of the deceased trustee, there is no balance of principal commissions allowable to the estate of the deceased trustee under subdivision 3 of section 285-a of the Surrogate's Court Act. Accordingly the claim of her estate to such commissions is in all respects denied. But though the court may not make an allowance to the estate of the deceased trustee under the new section, it has the power irrespective of either the new or the old sections to compensate the estate of a deceased trustee for the work actually done by the latter. It will exercise the discretion reposed in it by the authorities (*Matter of Barker,* 230 N. Y. 364; *Matter of Bushe,* 227 N. Y. 85) and will allow the equivalent of paying-out commissions on the sum actually disbursed and at the rates operative at the time the trust terminated, to wit, January 26, 1943.

The attorney's fee sought is reasonable and is allowed as requested.

Submit decree accordingly.