In the Matter of the Estate of ANTONIO C. PESSANO, Deceased.

Surrogate's Court, New York County, January 21, 1944.

■■■■■

*Harold Wisan* and *Milton Winderman* for Girard Trust Company and others, petitioners.

*Samuel Levy,* special guardian for Anne C. Phillips and another, infants.

DELEHANTY, S.  By decree dated April 27, 1928, following the decision of this court (N. Y. L. J., April 21, 1928, p. 358) it was adjudged that the functions of the fiduciaries in this estate were not separable and that the fiduciaries were entitled to commissions in a single capacity only.  No appeal was taken from that decree and the ruling there made is the law of this estate.  In the account currently for settlement the transactions exhibited are solely those of a trust administration.  Accordingly the court holds that the provisions of section 285-a of the Surrogate's Court Act are applicable.  The base for allowance of principal commissions is found solely in that section which operates prospectively only.  (*Matter of Hurlbut,* 180 Misc. 681.)  Some realized increases in capital value of trust assets are reported and additional receiving commissions are asked thereon.  No such principal commissions may be allowed on the basis claimed since no authority therefor is found in section 285-a of the Surrogate's Court Act.  On any accounting after August 31, 1944, the fiduciaries may seek principal commissions but only in pursuance of the formula prescribed by the cited section and in the manner outlined in the cited case.

The demand for commissions on income presents a problem not heretofore passed on by this court in express terms.  The precise problem involves no large amount in money but the ruling on it requires a construction of section 285-a of the Surrogate's Court Act on a point expressly reserved in *Matter of Hurlbut (supra)*.  The account covers a period beginning April 23, 1927, and ending April 4, 1940.  During that interval income commissions were taken by the trustees on the basis of annual rests.  No party in interest objects to such commissions.  At this point in the estate administration the special guardian is not concerned therewith.  The schedule of commissions required by the rules of this court shows that commissions so charged and paid cover all income up to April 30, 1939.  The question of commissions thus is narrowed to those claimed on income received during the period beginning May 1, 1939, and ending April 4, 1940.  During that eleven months and four days there were five fiduciaries.  The estate has a

capital value in excess of $100,000 and so three full commissions are claimed. If due, each fiduciary is entitled to three fifths of a full commission.

Since it is settled law that the right to commissions vests only when they are allowed by the court and that the court is bound to deal with claims for commissions on the basis of the law existent at the date of the decree, the fiduciaries must look to section 285-a of the Surrogate's Court Act for authority of this court to grant them commissions for the period in issue. The draftsmanship of section 285-a is adequately commented on by Mr. Surrogate FOLEY in *Matter of Hurlbut* (*supra*). He there said: '' The new section has been criticized because of the serious defects contained in it. The courts are not empowered to act in the correction of these defects. The section must be construed as it was written into the law. Beneficial alterations cannot be made under judicial fiat by any trespass into the field of legislative jurisdiction.'' This branch of the court has already declared its wholehearted agreement with the conclusions reached in the cited case. (*Matter of McGinnis,* 181 Misc. 207.) Though *Matter of Hurlbut* dealt only with principal commissions the rationale of that decision applies equally to income commissions. No resort ought be had to subdivision 9 of the new section merely because these fiduciaries may otherwise have no statutory basis for seeking the income commissions in question. There was nothing difficult or burdensome about the administration of this estate except such difficulties as were created by the maladministration for which the fiduciaries have been surcharged. The court cannot torture the language of subdivision 9 into a base for allowing income commissions by reason of that sort of difficulty.

Reverting to the text of the Act, the court finds that it says that income commissions are to be taken '' annually '' in amounts specified in paragraph 1A of the first subdivision of the section. Paragraph 1B of said subdivision is connected with paragraph 1A not only in text and punctuation but also in operative effect. The whole first subdivision (paragraphs 1A and 1B) prescribes a new formula for the charging to trust estates of *both* income and principal commissions. The revolutionary character of the change in respect of income commissions is as great as that in respect of principal commissions which was commented on in *Matter of Hurlbut* (*supra*). The old section 285 has in it a subdivision 7 which (prior to the enactment of section 285-a) gave to a trustee who actually paid over income and who rendered an annual account of it

to a beneficiary the right to retain on his own motion and without prior court allowance " the same commission on the amount of income so accounted for as he would be allowed upon principal on a judicial settlement ". The draftsman of the new Act must be deemed to have *intentionally* omitted this text, for nothing equivalent to it is found in the new section. All that we see is a provision in paragraph 1A of the first subdivision which says that a trustee may take commissions " *annually* ". Under the new Act he may take such *annual* commissions whether he renders an account to the beneficiary or not. The analysis in *Matter of Hurlbut (supra)* needs no repetition. It demonstrates that the new plan was a complete substitution for all prior provisions in respect of trusts and that the plan operates prospectively only. Since principal commissions cannot be computed under the Act until after August 31, 1944, this court must hold that unpaid income commissions (which now are the prerequisite to a computation of principal commissions) can be computed under the new Act only after August 31, 1944.

Thus the court finds itself without power to allow commissions to the living and continuing trustees for the limited period in issue. It has ruled in *Matter of Wandling* (181 Misc. 292) that it has the power to grant compensation to the estate of a deceased trustee under the power held to reside in the court in such circumstances. It is here stated by the special guardian that the widow of deceased — one of his trustees — died April 4, 1940, the closing date of the account. The petition is silent on that point but if the fact is as asserted by the special guardian the court has power to make compensation to the estate of the deceased widow for her services respecting the collection and disbursement of income from the date up to which she was compensated by her last withdrawal of commissions. In the case of the widow's estate the allowance may be of no consequence because of the operative effect of the will on her income rights. As to the other trustees the statute bars allowance.

The court is without knowledge as to the devolution of the estate of the widow but it assumes that the parties interested in that estate will be willing that the representatives of that estate stipulate that the commissions sought by the trustees other than the widow may be paid out of income otherwise payable to her estate. That would be a solution for the difficulty which the bungling draftsmanship of section 285-a has imposed upon the court. The consent to such payment would

be a recognition of a moral obligation to compensate the trustees. A stipulation by the estate of the deceased widow consenting to a decree providing for the payment of such income commissions will be approved by the court. If that solution of the difficulty is not possible, the court will consider what further may be done to relieve the trustees.

In any case, the decree heretofore submitted should be revised in accordance with this decision and then resubmitted. Proceed accordingly.