In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of SUMNER R. STONE, Deceased.

Surrogate's Court, Westchester County, January 28, 1944.

*Robert A. West* for trustee.

*Wood, Molloy & France* for Frances P. Wylie and another, as executors of Elizabeth B. Stone, deceased.

*Joseph Reeback,* as special guardian for Elizabeth C. Bowles, an infant.

GRIFFITHS, S. In this trustee's accounting proceeding the special guardian has interposed objections to the computation of principal commissions with respect to that portion of a trust fund in the sum of $100,000 which terminated upon the death of the primary life beneficiary on November 17, 1942. Although the testator died in 1909 and the trust in question was established soon thereafter, it is well settled that commissions must be determined in accordance with the law in effect at the date of the decree judicially settling the account (*Matter of Hurlbut,* 180 Misc. 681, and cases cited). The special guardian concedes the applicability of section 285-a of the Surrogate's Court Act (effective September 1, 1943), but contends that the peculiar language of the will of this testator limits the allowance of principal commissions to one half of the statutory rates prescribed by the provisions of subdivision 3 thereof. Reliance is placed upon the following language contained in paragraph " Eleventh " of the will.

" Eleventh: I order and direct that when said Trust Estates given in and by the fifth, sixth, seventh and eighth clauses or provisions of this my will are paid over to the Trust Companies therein named, that said Companies be paid their commissions for receiving said Trusts, out of my residuary estate, to the intent that said Trusts shall be received net and free from all commissions, charges and expenses of every kind and nature whatsoever."

After computing its commissions at the rates specified in the aforementioned subdivision 3 of section 285-a of the Surrogate's Court Act, petitioner credits the amount thus determined with the proportionate amount of " receiving " commissions paid to and received by it in 1909 pursuant to the above-quoted direction in the will. The special guardian asserts that petitioner, having been paid a receiving commission at the time the trust was established, is now entitled to only a " paying " commission which, he reasons, would be one half of the present applicable statutory rates.

A reading of the provisions of section 285-a indicates clearly that the Legislature intended to establish an entirely new scheme, or method, of computing principal commissions to be awarded testamentary trustees. In specifying the method of computation and rates of commissions to be allowed a testamentary trustee " who is acting at a time of distribution of principal ", the Legislature prescribed the *minimum* principal commissions to which such a testamentary trustee is entitled; there is an express provision for crediting the estate or fund

with all principal commissions theretofore at any time received by the trustee. In the instant case it is conceded that the fund has been given due credit for the commissions heretofore received by petitioner. The fact that the net result of thus crediting such receiving commissions paid to petitioner pursuant to the terms of the will and computed in the manner then provided by law, may result in a present award to petitioner of a sum in excess of a so-called " paying " commission, is immaterial. The court has no alternative but to follow the clear mandate of the Legislature. The objections of the special guardian are overruled and dismissed.

Settle decree.