In the Matter of the Estate of Helen Edwards, Deceased.

Surrogate's Court, New York County, August 16, 1944.

*Emmet, Marvin & Martin* for Bank of New York, as trustee, and Carmel Martin and others, as executors of John Magee, deceased trustee, petitioners.

FOLEY, S. In the prior decision of the Surrogate herein, the question of the commissions of the trustees was reserved for determination upon the settlement of the decree. (*Matter of Edwards*, N. Y. L. J., April 6, 1944, p. 1344, col. 2.) That question is now considered and disposed of.

The petitioners in this accounting proceeding are the surviving trustee and the executors of the estate of the deceased trustee. The trustees qualified and entered upon the administration of the trust on May 21, 1934. The individual trustee died on July 15, 1942. Neither trustee has ever received any commission on principal.

Upon the settlement of the decree the petitioners submitted an amended computation of the commissions on principal to which they claim to be entitled. They request: (a) for the surviving trustee, a principal receiving commission pursuant to section 285-a of the Surrogate's Court Act, as amended by chapter 138 of the Laws of 1944; (b) for the surviving trustee, the minimum principal commission under subdivision 3 of section 285-a of the Surrogate's Court Act for distributing sums

for administration expenses; (c) compensation for the deceased trustee based upon a receiving commission computed under chapter 138 of the Laws of 1944 and a distribution commission under subdivision 3 of section 285-a upon sums paid out for administration expenses during his lifetime.

The principal assets of the trust have a value in excess of half a million dollars. The trust is a continuing one. Thus far there has been paid out of principal less than $8,000. This sum represents attorneys' fees, taxes and other expenses of administration.

(1) Pursuant to the provisions of subdivision 2 of section 285-a, as amended by chapter 138 of the Laws of 1944, the surviving trustee is entitled to a commission for receiving the principal of the trust. This commission is correctly computed by the surviving trustee.

The decree to be entered herein must contain a provision expressly restraining the surviving trustee from withdrawing any annual principal commissions until the amount of annual principal commissions to which it otherwise would have been entitled for the period from September 1, 1943, shall equal the amount of principal commissions awarded under this decree. (Surrogate's Ct. Act, § 285-a, subd. 2.)

(2) The Surrogate holds that under the terms of subdivision 3 of section 285-a of the Surrogate's Court Act there can be no allowance to a trustee of any part of the minimum principal commission prior to the complete termination of the trust. The surviving trustee, therefore, is not entitled to receive any minimum principal commission on partial distributions of principal.

The enactment of section 285-a of the Surrogate's Court Act (L. 1943, ch. 694) introduced a revolutionary change in the method of computing and paying principal commissions of trustees. (*Matter of Hurlbut,* 180 Misc. 681.) Instead of basing principal commissions on the value of the principal assets received and paid out, the new statute based the computation and withdrawal or award of principal commissions upon the amount of income collected annually by the trustee.

If these were the only provisions in the statute for the withdrawal of principal commissions, it is apparent that in a trust of short duration, the trustee would receive a much smaller compensation than he would have received under the former section 285 because his annual commissions must end when the trust terminates. His total principal commission might, therefore, aggregate no more than a few annual commissions. Hence,

the sponsors of the new legislation — the Trust Companies Association of the State of New York — advocated a provision which would guarantee them an absolute minimum principal commission in a substantial amount. That provision is contained in subdivision 3 of section 285-a and reads as follows: "A testamentary trustee who is acting at a time of distribution of principal shall be entitled to receive and may retain from principal *as a minimum principal commission hereunder* a sum by which the commissions from principal which he has theretofore at any time received is less than a sum equal to five per centum on the first two thousand dollars of principal distributed; two and one-half per centum on the next twenty thousand dollars thereof, and two per centum of the balance thereof. If such distribution is made within a period less than five years after the date of the trustee's qualification, he shall be entitled to receive a minimum principal commission at one-half of such rates. *In applying the above rates consideration shall be given to the total amount of any previous distributions of principal."* (Italics mine.)

The purpose, intent and scope of subdivision 3 of the statute are perfectly clear. We are left in no state of doubt as to the nature of this commission. It is not a " paying commission ". It is expressly characterized " as a *minimum* principal commission ". (Italics supplied.) Having in mind the background of the former statute and the different method of computing and awarding principal commissions under the new section, the meaning of these words cannot be mistaken. It was intended by the Legislature to be the lowest amount of principal commissions to which the trustee was to be entitled for the *complete* administration of the *entire capital* of the trust. Moreover, the minimum commission is determined by the difference between the amount calculated at the specified rates and the total commissions from principal that the trustee " has theretofore *at any time* received ". (Italics mine.) In other words, the minimum is only the least amount which he may expect and once he has passed that amount in the withdrawal of his commissions, he ceases to have any further right in the minimum principal commission.

The statute clearly states by reasonable inference that the minimum principal commission is payable only to a trustee who is acting at a time of " final distribution " of principal. The requisites of final distribution and completed administration of the trust are so implicit in every part of this subdivision that they cannot be ignored.

In the first place the very concept of a " minimum commission " indicates that it is not subject to fixation until the complete administration of the trust. If that were not so, a trustee might obtain a payment on account of his minimum commission on a partial distribution and yet continue to administer the fund with annual withdrawals of commissions far in excess of the minimum. He would thus receive an extra award of a minimum and regular additional awards in excess of the minimum.

Moreover, the concluding sentence of the first paragraph of subdivision 3 further clarifies the interpretation that no part of the minimum commission is to be paid until the final termination of the entire trust. It provides that in applying the rates of the minimum commission " consideration shall be given to the total amount of any previous distributions of principal." On the theory that the minimum is to be computed only upon the final and complete distribution of the trust assets, this sentence has a necessary and understandable place in the plan. Under any other interpretation of the statute, this sentence would be 'unnecessary and illogical.

The plan for the computation of minimum commissions may be more clearly visualized by assuming a theoretical trust with an original principal of $1,000,000. The will had provided for fractional distribution from principal at a specified age, say, one quarter of the fund at twenty-one years and the balance to be held until the death of a life tenant. The distribution at the attainment of majority has been made. If distribution was made after September 1, 1943 (the effective date of the new statute), no distribution commissions may be allowed upon the fractional payment at the specified age, nor may any commissions be allowed on other payments made from principal for administration expenses. We shall assume also in the theoretical trust that the death of the measuring life tenant occurs at an age which enables the trustee to obtain minimum commissions because of the brevity of the period of administration. In such a situation the statute clearly directs that ᐧminimum distribution commissions shall first be tentatively computed upon the turnover of the entire principal of the fund. From that tentative figure there must be deducted any receiving commissions, which the trustee might have been awarded, either prior to September 1, 1943, under former section 285 of the Surrogate's Court Act or subsequent thereto, under chapter 138 of the Laws of 1944. There must also be deducted from the tentative amount of " distribution commissions ", any annual with-

drawals by the trustee of principal commissions made after September 1, 1943. The net balance is the amount then payable as commissions.

If any confirmation of this interpretation were needed, it may be found in the bill passed by the Legislature in 1944 and vetoed by Governor Dewey. (Assem. Int. No. 571, Pr. No. 2362.) That bill amended subdivision 3 of section 285-a by providing for payment of the minimum principal commission to a trustee acting at a time of distribution " whether such distribution be partial or complete ". The trustee was to be paid at the specified rates on the amounts of principal " at any time by him distributed ". The significance of this attempted amendment lies not in the fact that the change was attempted, but rather in the manner of making it. In the change which both branches of the Legislature adopted, not only were the above-quoted words inserted, but necessarily the concluding sentence of the paragraph had to be eliminated. Accordingly the bill provided for striking out the sentence which reads: " In applying the above rates consideration shall be given to the total amount of any previous distributions of principal."

This proposed amendment which failed to become law upon the veto of the bill by the Governor, is referred to solely and simply because it illustrates very graphically the impossibility of construing the present form of the statute so as to permit payment of minimum commissions upon partial distributions of principal. In order to read the statute as applicable to partial distributions, it was necessary not only to insert additional express language; it became necessary to completely revise it and to eliminate matter contradictory of such an interpretation.

Such is the view of the Surrogate without reference to the proposed alteration by the Legislature.

This interpretation of subdivision 3, which is so clearly evident from a reading of the statute, is in complete accord with the construction placed upon it by the sponsors of the legislation. In an article by Bernard A. Gray, Chairman of the Committee on Legislation of the Trust Companies Association of the State of New York, the purpose of the statute is stated thus: " As a protection for the testamentary trustee who has been acting in his fiduciary capacity for several years and may be nearing the *termination* of his trust, and *at that time* is entitled to his principal commissions under the old law, a minimum principal commission is provided for the trustee *who is acting at the termination of the trust.*" (Italics mine.) (The Trust Bulletin, p. 13, American Bankers Association, Trust Division, 22 East 40th St., N. Y., May, 1943.)

Any other interpretation of this part of the statute would lead to a result that would be as illogical in theory as it would be unfair to the beneficiaries in operation.

(3) In the exercise of the discretion of the Surrogate, compensation is allowed to the estate of the deceased trustee on property and moneys actually received at one-half the percentage rates set forth in subdivision 3 of section 285-a of the Surrogate's Court Act. (*Matter of Reckford,* 181 Misc. 211; *Matter of Sidenberg,* N. Y. L. J., March 3, 1944, p. 848, col. 6; *Matter of Fry,* N. Y. L. J., Aug. 17, 1944, p. 305, col. 6; *Matter of Fry,* N. Y. L. J., Aug. 17, 1944, p. 306, col. 2.) Compensation for receiving and paying income will likewise be allowed.

Submit corrected computation of commissions in accordance with the directions of the Surrogate herein.