In the Matter of the Accounting of ROBERT BOETTGER et al., as Trustees under the Will of PAULINE BOETTGER, Deceased.

· Surrogate's Court, Bronx County, January 31, 1945.

*Bandler, Haas & Collins* for trustees.

*Harry Lesser,* special guardian.

*Joseph Donald Moore,* attorney designated by Alien Property Custodian.

HENDERSON, S. Upon this trustees' accounting, questions have arisen as to the commissions payable to them.

The portion of the will from which the questions involved have arisen contains two trust provisions: first, one fourth of the residuary estate is given to the executors and trustees to hold and collect the income and pay the same over to a daughter, Pauline Dankelmann; and second, upon the death of Pauline, the executors and trustees are to continue to hold the sum of $100,000, out of the corpus so held in trust, for the·benefit of Eric Dankelmann, and to pay over the balance of the said trust to certain remaindermen.

Pauline Dankelmann died on the third day of October, 1942. The trust for her benefit was approximately $230,000.

There is in the will no interweaving of the duties of the trustees with those of the executors. The petitioners are therefore entitled to double commissions. (*Matter of Knoop*, 283 N. Y. 267.) Inasmuch as the petitioners have not been awarded any receiving commissions as trustees upon the principal of the trust fund, they are now entitled to receive them pursuant to the provisions of subdivision 2 of section 285-a of the Surrogate's Court Act, as amended by chapter 138 of the Laws of 1944.

The fact that the trustees did not make a request for commissions on prior accountings, does not deprive them of their right to an award in this proceeding. (*Matter of Jones*, 136 Misc. 122.)

Receiving commissions will be allowed upon the realty based upon the value thereof in the tax proceedings since title to such realty passed to the trustees upon the death of the decedent.

The request of the trustees for the minimum principal commission pursuant to subdivision 3 of section 285-a of the Surrogate's Court Act upon the corpus of the trust which is being finally distributed as a result of the death of Pauline Dankelmann, is sustained.*

It has been held that, under the terms of the present statute regulating the compensation of testamentary trustees, no part of the minimum commission is payable to a trustee upon partial distribution of the principal of the trust. (*Matter of Edwards*, 183 Misc. 1014.) However, in the present case there is a complete and final disposition of the corpus held for the benefit of Pauline Dankelmann. It is true that as a result of her death, a part thereof to the extent of $100,000, is to be retained by

---

* See, also, *Matter of Ladew*, 183 Misc. 1020.— [REP.

the trustees for the benefit of a secondary beneficiary by reason of which a secondary trust is created. However, in the light of the testamentary scheme, this secondary trust must be regarded as a complete separate trust even though no separate commissions for paying over the $100,000 would be allowed to the trustees upon the termination of the primary trust estate. (*Matter of Coutts*, 260 N. Y. 128.)

It is obvious in situations of this nature that if trustees were compelled to await the distribution of the corpus of the secondary trust for the award of commissions upon the whole trust, a burden would be placed upon the corpus of the secondary trust to an extent which would substantially deplete it and severely prejudice the rights of the remaindermen therein. Such a result could not reasonably have been intended by the Legislature.

The language of the will clearly indicates that Eric Dankelmann, the beneficiary of the secondary trust, and the remaindermen thereof, should have the benefit of a net gift of $100,000. It is a specific gift out of a certain designated fund and partakes of the nature of a demonstrative legacy and as such is entitled to a preference. (*Matter of Armstrong*, 160 Misc. 806, 809.) Therefore the remaindermen who now take the balance of the trust fund presently being distributed, will receive the same less the commissions chargeable upon the whole trust fund and the trustees will hold the net sum of $100,000 free of any charge for the commissions being awarded herein. (*Matter of Childs*, 171 Misc. 791.)

Commissions on the income included in the account which was received prior to September 1, 1943, are disallowed for the reasons set forth by Surrogate DELEHANTY in *Matter of Pessano* (181 Misc. 295). (*Matter of Cushing*, N. Y. L. J., April 6, 1944, p. 1344, col. 3.)

Submit corrected computation of commissions in accordance herewith. Special guardian's fees fixed. Costs taxed. Proceed accordingly.