In the Matter of the Accounting of ISIDORE DREYFUS et al., as Trustees under the Will of LEON MOYSE, Deceased.

Surrogate's Court, New York County, December 18, 1945.

*Bouvier & Beale* and *Baer & Marks* for Isidore Dreyfus, as surviving trustee and others, petitioners.

*Laurence D. Kieran,* special guardian for Susan A. Moyse, infant remainderman, respondent.

COLLINS, Acting Surrogate. In this proceeding for the settlement of the account of the trustees, the special guardian of the infant remainderman raised questions in respect of the commissions of the sole surviving trustee.

The testator died on July 22, 1932. In his will he created a trust for the benefit of his wife, Augusta D. Moyse. Upon her death the principal was directed to be paid to the persons appointed in her will. The widow and her brother, Isidore Dreyfus, were nominated as trustees. They administered the trust up to the date of the widow's death, August 19, 1943.

In her will Mrs. Moyse expressly exercised the power granted to her and appointed the principal to her trustee with directions to pay the income to her son for life and at his death to pay the

principal to his issue. She appointed her brother, Mr. Dreyfus, sole trustee.

The first question raised by the special guardian relates to commissions on principal. The surviving trustee claims that he is entitled to principal commissions under subdivision 3 of section 285-a of the Surrogate's Court Act, on the theory that as trustee under the will of the donor he will be required to make payment to himself as trustee under the will of the donee and that he will, therefore, make a final distribution of principal. The petitioner's argument is not only in conflict with decisive authority and established rules in respect of compensation of fiduciaries but, more important, it is not reconcilable with principles governing the administration of trusts that have been formulated by the Court of Appeals and applied for many years by the courts of this State. The law would appear to be so well settled as to require no extended comment at this time. It is asserted however that dicta of the Court of Appeals in the recent decision in *Matter of Culver* (294 N. Y. 321) has effected a complete change in the law heretofore regarded as controlling.

It is a firmly established principle of law in this State that an appointment under a power is to be read into the will by which the power was created and the instruments viewed as if the appointment had been there from the very beginning. (*Bishop* v. *Bishop*, 257 N. Y. 40; *Matter of Harbeck*, 161 N. Y. 211; *Hillen* v. *Iselin*, 144 N. Y. 365; *Matter of Stewart*, 131 N. Y. 274; *Matter of New York Life Ins. & Trust Co.*, 139 N. Y. S. 695, affd. 157 App. Div. 916, affd. 209 N. Y. 585; *Matter of Rogers*, 249 App. Div. 238; *Hirsch* v. *Bucki*, 162 App. Div. 659; *Matter of Walbridge*, 178 Misc. 32.) The rule is also well settled that the courts having jurisdiction of the estate of the donor have exclusive power to determine all questions arising out of the exercise of a testamentary power of appointment. A court having jurisdiction only of the donee's estate is without authority to determine such questions. (*Matter of Gray*, 176 Misc. 829, affd. 266 App. Div. 732, affd. 292 N. Y. 532; *Bishop* v. *Bishop*, *supra*; *Matter of Wadsworth*, 250 App. Div. 11, affd. 275 N. Y. 590; *Matter of Harriman*, 124 Misc. 320, affd. 217 App. Div. 733; *Matter of Rogers*, 250 App. Div. 26; *Matter of Bradford*, 165 Misc. 736, affd. 254 App. Div. 828; *Matter of Walbridge*, *supra*; *Matter of Rogers*, 168 Misc. 633; *Matter of Trowbridge*, 124 Misc. 317.) It necessarily follows that any secondary trust created through the exercise of a testamentary power of appointment must be administered

under the jurisdiction and supervision of the courts having control of the donor's estate. A trustee named by the donee must qualify and administer the trust in the estate of the donor. (*Matter of Walbridge, supra; Matter of Bradford, supra; Matter of Phelps*, 45 N. Y. S. 2d 621, 624; *Matter of Walker*, 53 N. Y. S. 2d 102, 105.)

In *Matter of Walbridge* (*supra*, p. 37) Mr. Surrogate FOLEY said: "The fact is lost sight of that the property now accounted for is not the property of the donee but of the donor and must remain the property of the donor until it absolutely vests in some person or corporation. A donee with a power to appoint by will is a mere agent of the donor. Until absolute vesting the property remains subject to the jurisdiction and control of the courts of the domicile of the donor."

These recognized rules have been applied for many years in the determination of the compensation of trustees. Thus, under the terms of section 285 of the Surrogate's Court Act, as it existed prior to September 1, 1943, it was held that a trustee who continued to hold the fund under the exercise of a power of appointment was not entitled to a paying commission on principal which he continued to hold under the terms of the appointment. (*Matter of Fordyce*, N. Y. L. J., Aug. 17, 1934, p. 456, col. 2.) The same determination has been made in respect of a claim for a distribution commission under subdivision 3 of section 285-a. (*Matter of Ladew*, 183 Misc. 1020; *Matter of Deutsch*, N. J. L. J., June 3, 1944, p. 2142, col. 2.) The question involved in *Matter of Deutsch* (*supra*) is identical with the question here presented, and the determination there made is decisive here.

The petitioner cites statements from the opinion of the Court of Appeals in *Matter of Culver* (294 N. Y. 321, *supra*) in support of his argument that when a donee creates a secondary trust of the appointive property he has nevertheless fully and finally disposed of the donor's property for his benefit; that the donor's trust property becomes distributable; and that thereafter the trustee administers the fund under the will of the donee. If this argument were sound there would result a marked change of policy in this State in respect of the administration of trusts under a power of appointment. However, when these isolated statements of the court are read in their context and in the light of the question before the court, it is apparent that they were not intended to overrule or modify the settled principles of law.

In *Matter of Culver* (*supra*) the sole question before the court was the construction of a contract made by the testator with the corporate fiduciary. The trust company had entered into a written agreement with the testator in which it stipulated that it would accept and discharge the duties of executor and trustee under the will and would be entitled to receive a reduced principal commission as executor and no commission on principal as trustee. It further agreed to accept as trustee commissions on income at a specified rate. The same trust company was nominated as cotrustee in the will of the donee wherein it was declared to be entitled to regular commissions under the law of this State. In the proceeding for the settlement of its account as trustee of the primary trust created by the testator, it asked instructions as to whether it would thereafter be entitled to the regular commissions in accordance with law.

The question therefore revolved around the contract between the testator and the fiduciary chosen by him. The courts disagreed as to the extent of the bargain made by the trustee. The Court of Appeals held that the trustee completed its bargain when the trust specified in the testator's will had terminated.

In the *Culver* case (*supra*), no question was raised in respect of the payment of a commission for distributing the property held in trust under the terms of the donor's will. Indeed, no such question could have been considered since the terms of the contract clearly covered the complete administration of the primary trust and the trustee fully lived up to the tenor of its agreement in its operation of that trust.

The further argument is made by the petitioner herein that the general rules governing trust administration are not applicable and that a different rule may apply when the question before the court involves only the compensation of the fiduciary rather than the validity of the secondary trust or the manner of its administration. In other words, it is suggested that there may be a final distribution within the meaning of subdivision 3 of section 285-a of the Surrogate's Court Act although there would not be a distribution in fact for any other purpose or under any other theory. There is no merit in this contention.

The meaning and purpose of subdivision 3 of section 285-a have been very clearly stated by Mr. Surrogate FOLEY in *Matter of Edwards* (183 Misc. 1014) and by Mr. Surrogate DELEHANTY in *Matter of Ladew* (183 Misc. 1020, *supra*). It has been pointed out that the enactment of section 285-a intro-

duced a revolutionary change in not only the method of computing principal commissions but the manner of paying them as well. (*Matter of Hurlbut*, 180 Misc. 681; *Matter of Edwards*, *supra*.) Under the new statute the principal commissions are no longer to be awarded upon the value of the principal received and the value of the principal paid out. Instead, the new statute based the amount of commissions upon the amount of income collected annually by the trustee and provided for an annual withdrawal or award of principal commissions. In the pending proceeding no question is raised in respect of the right of the trustee to future award or withdrawal of annual principal commissions under the statute.

The minimum principal commission provided by subdivision 3 is not a paying commission. "It was intended by the Legislature to be the lowest amount of principal commissions to which the trustee was to be entitled for the *complete* administration of the *entire capital* of the trust. Moreover, the minimum commission is determined by the difference between the amount calculated at the specified rates and the total commissions from principal that the trustee ' has theretofore *at any time* received '. * * * In other words, the minimum is only the least amount which he may expect and once he has passed that amount in the withdrawal of his commissions, he ceases to have any further right in the minimum principal commissions." (*Matter of Edwards, supra,* p. 1017; italics in original.)

Moreover, the statute clearly provides that the minimum principal commission is payable only to a trustee who is acting at a time of final distribution of principal. (*Matter of Edwards, supra; Matter of Ladew, supra; Matter of Deutsch,* N. Y. L. J., June 3, 1944, p. 2142, col. 2, *supra; Matter of Fareira,* N. Y. L. J., Aug. 17, 1944, p. 306, col. 3; *Matter of Rodriguez,* N. Y. L. J., Aug. 17, 1944, p. 306, col. 2; *Matter of Sidenberg,* N. Y. L. J., March 3, 1944, p. 848 col. 6; *Matter of Simonton,* N. Y. L. J., Aug. 17, 1944, p. 306, col. 2.)

In the pending proceeding the surviving trustee has not completed the entire administration of the trusts as trustee under the will of the donor. Prior to the final termination of the trusts it may appear that the trustee will have been awarded sums greatly in excess of the minimum commissions provided for under subdivision 3. The court accordingly holds that the surviving trustee is not presently entitled to the minimum principal commission under subdivision 3 of section 285-a of the Surrogate's Court Act.

The surviving trustee has never been awarded a commission for receiving the principal of the trust accounted for. He is entitled to a receiving commission under the terms of subdivision 2 of section 285-a of the Surrogate's Court Act. The special guardian does not dispute the right of the trustee to the award of such receiving commission.

The surviving trustee has computed income commissions upon income received prior to September 1, 1943. The court has no authority to allow commissions on income collected prior to that date. (*Matter of Pessano*, 181 Misc. 295; *Matter of Cushing*, N. Y. L. J., April 6, 1944, p. 1344, col. 3.)

Submit corrected computation of commissions in accordance with the directions of the court. Thereafter, a decree may be submitted on notice settling the account accordingly.