In the Matter of the Accounting of EVELYN J. PROPHET et al., as Trustees, and FRANK W. TINDLE, as Successor Trustee under the Will of ANNETTE T. JACKSON, Deceased.

Surrogate's Court, Erie County, March 26, 1946.

*Samuel J. Magavern* for petitioners.

*Franklin R. Brown,* special guardian for Annette J. Prophet, an infant.

VANDERMEULEN, S. This is a proceeding for the judicial settlement of the accounts of Evelyn Jackson Prophet and Howard T. Jackson, the surviving trustees, and Frank W. Tindle, the successor trustee in the estate of Annette T. Jackson, deceased. The trustees have requested the fixing of the commissions as such surviving trustees and also the commissions of the successor trustee.

Under the terms of the will, the testator gave and bequeathed her entire estate to her trustees and successor trustee named, to collect the rents, profits and income, and so forth, and to pay the same over to her husband, Willis K. Jackson, for and during the term of his life and upon his death to pay one half of the corpus to her daughter, Evelyn J. Prophet, and the remaining one half to be divided in as many shares as there shall be children of the said Evelyn J. Prophet surviving the testator, which shares are to be held in trust; one half of which is to be paid to each of the grandchildren upon attaining the age of twenty-five and the balance of the entire corpus of each share payable to each of them upon attaining the age of forty years. All other bequests and provisions were made in the event of the death of such beneficiaries.

The trustees claim commissions for receiving the entire principal and for distributing one half of such corpus of the estate to Evelyn J. Prophet and one sixteenth to John M. Prophet, III,

one of such grandchildren who has reached the age of twenty-five years.

In the computation of the commissions requested the trustees have included the value of real property for the reason that the aforesaid beneficiaries have agreed to accept their proportionate shares of the real estate at the appraised value fixed by appraisers, appointed by the court herein for that purpose, in lieu of the cash or money value thereof.

The special guardian has interposed objections to both paying minimum commissions at this time and including the value of the real estate in the computation of commissions. The latter contention is sustained.

The real property in question, upon the termination of the trust for Willis K. Jackson, deceased, vested in the remaindermen. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Matter of Miller*, 257 N. Y. 349, 356.) The exercise of the power of sale under the will is unnecessary. Under the scheme of distribution in kind, Evelyn J. Prophet and John M. Prophet, III, so far as the real property is concerned, would receive by virtue of any deeds from the trustees only what they were vested with by the terms of the will.

"A conveyance may be desirable as completing a chain of title, but it is not an absolute necessity." (*Chisolm* v. *Hamersley*, 114 App. Div. 565, 569.)

Consequently, in the computation of the commissions, none are to be allowed on the value of this nine sixteenth of the real property. (*Matter of McGinnis*, 181 Misc. 207.)

It has been held that under the terms of the present statute regulating the compensation of testamentary trustees, no part of the minimum commissions is payable to a trustee upon partial distribution of the principal of the trust. (*Matter of Edwards*, 183 Misc. 1014.) However, in the present case there is a complete and final distribution of one half of the corpus of the trust to Evelyn J. Prophet and one half of the share of the trust for the benefit of John M. Prophet, III. Both of these shares are to be paid immediately to said remaindermen. If the trustees were compelled to wait until the entire fund left in the primary trust was disposed of before receiving minimum commissions, it would place an unfair and inequitable burden upon the remaindermen of the remaining separate trusts, which result I am of the opinion was not contemplated by the Legislature. (*Matter of Boettger*, 184 Misc. 103.)

I therefore hold that Evelyn J. Prophet and Howard T. Jackson, the surviving trustees, and Frank W. Tindle, as succes-

sor trustee, are each entitled to commissions on the principal distributed upon the termination of the trust for the benefit of Willis K. Jackson, deceased, to wit, nine sixteenths of the total corpus of the said trust, as provided in subdivision 3 of section 285-a of the Surrogate's Court Act, and since such distribution is being made within five years from their qualification commissions will be computed at one half of the rate specified therein. (See *Matter of Reckford*, 181 Misc. 211; *Matter of Boettger, supra.*)

As to the remainder of said corpus, to wit, seven sixteenths, which is to be held in separate trusts for the four children of Evelyn J. Prophet, receiving commissions for receiving principal may be allowed to said trustees as provided for in subdivision 2 of section 285-a of the Surrogate's Court Act, and the decree shall provide that no annual commissions shall be taken by said trustees until the annual commissions computed thereon shall equal the amount hereby allowed in said decree.

As each of said trusts is under $100,000, only one commission is allowed, to be apportioned among the three trustees. [Surrogate's Ct. Act, § 285-a, subd. 5.]