In the Matter of the Estate of Florence C. Zinn, Deceased.

Surrogate's Court, New York County, April 29, 1946.

*Alexander G. Scheer* for Richard A. Zinn and others, trustees, and others, petitioners.

*Francis R. Curry,* special guardian for Mary P. Zinn and others, infant contingent legatees and remaindermen, respondents.

DELEHANTY, S. Judicial settlement of the account of the trustees is sought by the three surviving trustees and by the executors of a deceased trustee. The gross fund accounted for amounts to nearly $300,000 and petitioners request that three full receiving commissions be apportioned among them (Surrogate's Ct. Act, § 285, subd. 8, prior to amendment by L. 1943, ch. 694; § 285-a, subd. 2). The special guardian of infant contingent remaindermen contends that only a single commission is to be apportioned among them under the terms of the tenth paragraph of the will which reads: " I further request in the event that my said property and estate be sufficiently large to legally warrant the payment of full Executors' and Trustees' commissions to every of my said Executors and Trustees, that they shall divide among them as commissions, a total sum for their services as Executors not in excess of that which would have been paid had there been but a single Executor, and in like manner for their services as Trustees, a sum not in excess of that which would have been paid had there been but a single Trustee of my estate."

The court holds that the will provides a specific compensation to the trustees. None of the trustees is entitled to any other allowance for his services " unless by a written instrument filed with the surrogate, within four months * * * from the date of his filing his oath, he renounces the specific compensation." (Surrogate's Ct. Act, § 285, subd. 8, prior to amendment by L. 1943, ch. 694, § 285-a, subd. 7). The four trustees qualified in 1933 and no renunciation of the specific compensation was ever filed. The trustees are accordingly limited to the specific compensation given to them in the will (*Matter of Sulzbacher,* 169 Misc. 1, 2; *Matter of O'Donohue,* 115 Misc. 697; *Matter of Cohen,* 128 Misc. 906).

It is asserted that the word " request " used by deceased in her will was merely precatory and was not intended to express an imperative direction. The text sufficiently indicates the intention of deceased to limit the compensation of the trustees (*Matter of Kernochan,* 104 N. Y. 618, 631). Perhaps deceased used the word deliberately with the knowledge that rules of law might override her command and that due and timely renuncia-

tion by the trustees might render futile any attempt to limit them. The text actually used might well have been intended not only to limit the compensation within the permissible scope of the statute but to persuade the trustees to take no steps to nullify the plan. In any event it is clear that deceased provided a specific compensation and that due and timely renunciation was never made by the trustees.

A further question of commissions is presented by the request of the trustees for commissions for paying out principal assets. Section 285-a of the Surrogate's Court Act is applicable to the computation and allowance of commissions (*Matter of Hurlbut*, 180 Misc. 681; *Matter of Pessano*, 181 Misc. 295). Commissions for paying out principal have been abolished. The minimum principal commission on distribution is payable only to a trustee who is acting at a time of *final* distribution of the trust (*Matter of Edwards*, 183 Misc. 1014; *Matter of Ladew*, 183 Misc. 1020; *Matter of Moyse*, 188 Misc. 1030).

The trust accounted for has terminated only in part. Upon the death of the primary life beneficiary the will directs that the fund be divided into as many shares as there are children of deceased surviving, that the share of each son be held in trust until he attains the age of thirty-five years with the right to partial payments at stated ages and that the share of each daughter be continued in trust during her lifetime. The primary life beneficiary was survived by four children of deceased — two daughters whose shares are to be held during their respective lives, a son over the age of thirty-five who is entitled to outright payment of his share and a son who is said to have reached that age after initiation of this accounting proceeding. It is asserted that four separate secondary trusts were created and that the trustees are entitled to a minimum commission in respect of each of the so-called separate trusts that have terminated.

For the purpose of validating under the Statute of Perpetuities secondary trusts for separate life uses, the courts may regard them as separate trusts. What the courts say in effect is that in respect of separable portions of the entire body of property in trust the power of alienation is suspended no longer than the permissible period. This is not tantamount to saying that the shares must be regarded as separate trusts for all purposes. In other phases of litigation the division of a fund originally held in trust is not regarded as creating any new trust but as merely continuing the property in a single trust until ultimately disposed of, though such disposition be in fractions

and seriatim (*Matter of Coutts,* 260 N. Y. 128, 131; *Matter of Knoop,* 283 N. Y. 267, 271; *In re Stillman's Estate* (153 N. Y. S. 2d 718). A direction to divide an original fund into parts which are to be held for further uses indicates an intent " that they are to continue to hold the original fund, but divided into parts." (*Matter of Coutts,* 260 N. Y. 128, 131 *supra.*)

It must be remembered that subdivision 3 of section 285-a does not provide a " paying commission " as that term was formerly understood. It allows a " *minimum* principal commission " to be paid at the time of final distribution of principal. " It was intended by the Legislature to be the lowest amount of principal commissions to which the trustee was to be entitled for the *complete* administration of the *entire capital* of the trust." (*Matter of Edwards,* 183 Misc. 1014, 1017, *supra*). In computing the minimum commission " the total amount of any previous distributions of principal " shall be considered (§ 285-a, subd. 3). All of the payments made during the primary trust, all of the distributions made to the primary life beneficiary pursuant to the power given the trustees by the will and all of the distributions made to all of the remaindermen are to be taken into account upon the final termination of the trust. Obviously all of the " previous distributions of principal " can be taken into consideration only upon the final termination of the entire trust. At that future time, it may appear that the trustees have been paid by way of receiving commissions and annual principal commissions a sum in excess of the minimum to which they are entitled. *If that be so the " minimum principal commission " ceases to have any place in the final award of commissions.* If they have not then received this least amount to which they are entitled (as limited by the will of deceased), they may be paid the difference between the minimum as limited by the will and the commissions from principal which they have theretofore at any time received.

In order that the burden of the principal commissions may be charged equitably as against the respective remaindermen, the decree herein must direct that out of the shares now being paid outright there shall be retained by the trustees a sum on account of the minimum principal commission chargeable against such shares. The amount received by the trustees shall be retained pending the final termination of the trust, at which time the court will fix the minimum principal commission if any be due and will apportion the charge against the respective interests.

Each of the surviving trustees is accordingly entitled to one fourth of a full commission for receiving the principal of the trust pursuant to subdivision 2 of section 285-a. In the discretion of the court the compensation of the deceased trustee is allowed at one quarter of the rates specified in section 285 for receiving the principal and for paying out all assets disbursed during his lifetime (*Matter of Barker*, 230 N. Y. 364; *Matter of Bushe*, 227 N. Y. 85; *Matter of Wandling*, 181 Misc. 292).

The allowances have been fixed. A corrected computation of commissions is directed to be filed in accordance with this decision. Insert the appropriate figures in the decree and resubmit the same for signature.

Proceed accordingly.