In the Matter of the Accounting of LAURA A. WOLF et al., as Trustees under the Will of CHARLES W. WOLF, Deceased.

Surrogate's Court, Kings County, April 9, 1947.

*Reiley, Harrison & Reinhardt* for Laura A. Wolf, petitioner.

*Alexander & Keenan* for Henry L. Schaefer, petitioner.

*Mudge, Stern, Williams & Tucker* for Servants of Relief for Incurable Cancer, respondent.

*Coombs & Wilson* for Faith Home for Incurables and another, respondents.

*Phillips & Avery* for Elizabeth Roberts and another, as executors of Madeline G. Curth, respondent.

*Edmund G. Bill* for Gordon Fischer, individually and as executor of Glenora Fischer, deceased, respondent.

McGAREY, S. The compensation requested by the attorney-trustee for the legal services rendered by him appears to be reasonable, and will be allowed in the amount requested. The fee is to be allocated as follows: Eleven fifteenths to principal and four fifteenths to income.

The objections to the proposed computation of the trustees' commissions are disposed of as follows:

The first objection is sustained. (*Matter of Pessano*, 181 Misc. 295; *Matter of Cushing*, 53 N. Y. S. 2d 714; *Matter of Boettger*, 184 Misc. 103.)

The second objection is dismissed. The court holds that normal income commissions under subdivision 1A of section 285-a of the Surrogate's Court Act are to be computed upon gross rents. The limitation in subdivision 6 is applicable only to the computation of principal commissions. Prior to the enactment of section 285-a it was settled by the decision in *Matter of Schinasi* (277 N. Y. 252) that normal income commissions of a trustee were to be computed upon gross rents received. There is nothing contained in subdivision 6 which indicates a legislative intent to alter a rule so well established. In fact the very omission of any express reference to normal income commissions in the text of subdivision 6 would appear

to indicate a contrary intent on the part of the Legislature. Moreover in subdivision 1-C it is provided that " At any time after a trustee has *collected* income, he may compute the commissions on income and principal to which he is entitled *upon the basis of the income so collected* \* \* \*." (Italics supplied.) The meaning of the phrase " upon the basis of the income so collected " is unambiguous and sufficiently comprehensive to embrace gross rents.

While this court believes that the more logical basis for computing normal income commissions, whether it consists wholly or in part of rents, should be the amount available for payment of appropriate administration expenses chargeable thereto and the amount distributed or distributable or credited to the income beneficiary, any change in the present law under our system of jurisprudence must be addressed to the Legislature.

The third objection is sustained. The trustees do not charge themselves with the rents received from the real property of which a wholly owned corporation holds record title. The fact that the account discloses the corporate activities affords no basis for allowance of normal income commissions upon the rents collected by the corporation. Not until dividends are received by the trustees from the corporation will there be income in their hands subject to the allowance of commissions.

The fourth objection is dismissed. The analysis of income receipts and disbursements submitted by the trustees appears to clearly establish the retention of sufficient income in each year to cover the commissions claimed thereon.

Submit decree on notice in accordance herewith.