In the Matter of the Accounting of THE NATIONAL CITY
BANK OF NEW YORK, as Trustee under the Will of
JOHN SCHLIEMANN, Deceased, Appellant.

JOHN T. BRENNAN, as Special Guardian for GEORGE
LOHMAN et al., Respondents.

(Argued May 31, 1932; decided July 19, 1932.)

*Conrad Saxe Keyes* for appellant. The will indicates that the testator contemplated that the trust company should perform a separate function as trustee distinct from that · as executor. (*Greenland* v. *Waddell,* 116 N. Y. 234; *Matter of Waterman,* 60 Misc. Rep. 292; *Matter of Waninger,* 120 App. Div. 273; 190 N. Y. 527; *Cooke* v. *Platt,* 98 N. Y. 35; *Ward* v. *Ward,* 105 N. Y. 68; *Laytin* v. *Davidson,* 95 N. Y. 263; *Matter of Johnson,* 170 N. Y. 139; *Phoenix* v. *Livingston,* 101 N. Y. 451; *Olcott* v. *Baldwin,* 190 N. Y. 99; *Matter of Mason,* 98 N. Y. 527; *Matter of Crawford,* 113 N. Y. 560; *Matter of Willets,* 112 N. Y. 289.) After the accounting by the executor, the continued management by the trust company was as trustee. (*Laytin* v. *Davidson,* 95 N. Y. 263; *Hurlburt* v. *Durant,* 88 N. Y. 121; *Matter of Mason,* 98 N. Y. 527; *Phoenix* v. *Livingston,* 101 N. Y. 451; *Matter of Willets,* 112 N. Y. 289; *Matter of Crawford,* 113 N. Y. 560; *Olcott* v. *Baldwin,* 190 N. Y. 99.) Where the will directs the performance of executorial duties such as the payment of debts and legacies, and then directs the holding of the residue in trust for one or more beneficiaries, double commissions are proper. (*Matter of*

*Crawford*, 113 N. Y. 560; *Matter of Mason*, 98 N. Y. 527; *Laytin* v. *Davidson*, 95 N. Y. 263; *Phoenix* v. *Livingston*, 101 N. Y. 451.)

*John T. Brennan* for respondents. The terms of the will contemplated a continued holding by the executor as such throughout the trust period. (*Johnson* v. *Lawrence*, 95 N. Y. 154; *Laytin* v. *Davidson*, 95 N. Y. 263; *McAlpine* v. *Potter*, 126 N. Y. 285; *Matter of Vanneck*, 175 App. Div. 363; *Leask* v. *Beach*, 173 App. Div. 873; *Matter of Clinton*, 12 App. Div. 132; *Matter of Hogeboom*, 219 App. Div. 131; *Matter of Abrahams*, 136 Misc. Rep. 538; *Matter of Ziegler*, 218 N. Y. 544.)

LEHMAN, J. John Schliemann bequeathed the entire residue of his estate to Peoples Trust Company, in trust, to sell his real estate and securities and to invest and reinvest the proceeds in first mortgages upon real property in the city of New York, during the lifetime of his sons Julius and John. The duty was placed upon the trustee to set aside " out of the said securities so invested by it " a fund sufficient to produce the sum of two thousand dollars a year, and another fund sufficient to produce the sum of six hundred dollars a year, and to pay annually said sums to his wife and to his son August, respectively, during the lifetime of each. The testator directed that all the remainder of the income of the trust funds should be paid in equal shares to his three other children, Julius, John and Anna, or in case of the death of any of them leaving issue, to such issue. Upon the death of both Julius and John, the trustee was directed to pay over the principal of the trust fund, in equal shares to the issue of John and Julius and to Anna or her issue, after provision for the purchase of annuities for the testator's wife and son August should either be then living. In case of the death of all the children without issue, the testator directed the trustee to pay the principal of the fund to

his brothers and sisters and their issue. In the succeeding and final paragraph of the will, the testator appointed People's Trust Company as executor of the will.

The will was admitted to probate on December 14, 1911. On March 17, 1913, a decree was entered settling the accounts of People's Trust Company as executor, awarding commissions to it as executor, and directing it to transfer to itself as trustee the residuary fund created by the will. Since that time The National City Bank has become, by merger, the successor of the People's Trust Company, and has carried out the trust duties imposed by the will. The City Bank has now filed a petition asking that it be permitted to resign as trustee, that its accounts be settled and proper commissions awarded to it and that City Bank-Farmers Loan and Trust Company, with which it is affiliated, be substituted as trustee in its place. The special guardian for infant remaindermen has filed objections to the payment to the trustee of any commissions on principal on which commissions have already been received by People's Trust Company. The Surrogate in his decree awarded such commissions and the Appellate Division modified the decree in that respect and awarded commissions on no part of the principal upon which full commissions had been awarded and received by the executor.

If the testator, in the residuary clause of the will, had named as trustee a person or corporation other than the executor appointed in the succeeding clause of the will, the executor would have been entitled to a full commission on the principal of the estate when the assets were paid over to the trustee; and the trustee would have been entitled to one-half commission for receiving the principal, and another one-half commission upon the termination of the trust and the payment of the proceeds. The only question presented on this appeal is whether the same commissions should be paid where one person,

natural or corporate, is named as trustee and executor. The circumstance that petitioner succeeded the original executor has no bearing upon this question, for, concededly, it is entitled to no commissions to which the original trustee would not have been entitled. So, too, the trustee cannot, by resignation and the substitution, as trustee, of its corporate affiliate, impose upon the estate an obligation to pay to it any commissions other than those which would have been presently payable if it had not divested itself of its trust duties. If any commissions on principal are payable to the trustee, in addition to those paid to the same person as executor, then the trustee would now be entitled to one-half commission for the performance by it of the trust duty of receiving and investing the principal. That is what it is asking here. It does not claim, and, obviously, would not be entitled to payment of the other half commission on principal, which could not become payable till the trust estate is distributed, and would then go to the substituted trustee.

" That the same person may be entitled to compensation as executor, and also as trustee, in respect to the same estate, or some part thereof, is undoubtedly true, but does not follow in every instance where trust duties are imposed upon an executor. Where, by the terms or true construction of the will, the two functions with their corresponding duties coexist, and run from the death of the testator to the final discharge; interwoven, inseparable and blended together, so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions " on both cannot properly be allowed. (*Johnson* v. *Lawrence,* 95 N. Y. 154, 159.)

There is a large field in which a testator may determine how his estate shall be held and administered. He may, within the limits imposed by law, postpone the time for distribution of some, or all of, the assets of his estate

and direct that until such time the person, appointed to administer and distribute the estate, shall hold such assets and apply the income as directed by the will. To carry out such purpose he must, at times, attach to the office of executor certain trust power and functions; but in such case there is but one office and the holder of the office is entitled only to the commissions allowed by law for the performance of the duties of that office. An executor is not entitled to commissions for distributing the principal of the estate until he has completed such distribution and no longer has title to its assets. A trustee is not entitled to commissions for receiving the principal of a trust fund until title to such fund has passed to him. That is true alike where one person is appointed as executor and trustee or where different persons hold each office. The title to the assets, in either case, is, at all times, in the holder of a particular office and cannot at any time be divided between the simultaneous holders of two offices. Thus the problem presented in each case is whether a " point of time is fixed or contemplated in the testamentary intention " at which title to the assets of the estate shall no longer remain in the executor but shall pass to the trustee under the will.

That problem is simple where separate persons are named as executor or trustee, for the trustee's functions begin only when title passes to the trustee, and the time when such functions begin is fixed at the point where there is actual severance of the trust fund from the general assets of the estate. Evidently a testator must have contemplated such severance where he has named different persons to perform the functions of separate offices. The problem is more difficult and complicated when the same person is named as both executor and trustee. Then double commissions can be awarded to a person claiming to hold both offices only where a testamentary intent is apparent to create a trust fund to be held by a

trustee after severance from the general assets of the estate. "A will must go further than to admit of double commissions, and must clearly and definitely indicate an intention of the testator to end the executor's duty at some point of time, and require him thereupon to constitute and set up one or more several trusts, to be held and managed as such for the interest of the beneficiary." (*McAlpine* v. *Potter*, 126 N. Y. 285, 289.) Even then, double commissions may not be awarded unless the performance of the duties of a trustee has actually begun " either by a real severance of the trust fund from the general assets, or a judicial decree which wholly discharges the executor and leaves him acting and liable only as trustee." (*Johnson* v. *Lawrence*, *supra* at page 162.)

These principles have been clearly laid down in the opinions by FINCH, J., in the cases cited. The decisions in other cases which have come before this court illustrate the application of these principles to particular cases. They do not materially limit or extend the general rules, for in each case determination of the testamentary intent depended upon the construction placed upon the language of a particular will, and no two cases are in all respects analogous. In *Johnson* v. *Lawrence* (*supra*); *McAlpine* v. *Potter* (*supra*); *Matter of Slocum* (169 N. Y. 153); *Matter of Ziegler* (218 N. Y. 544) double commissions were denied. They were allowed in *Laytin* v. *Davidson* (95 N. Y. 263); *Matter of Mason* (98 N. Y. 527); *Matter of Willets* (112 N. Y. 289); *Matter of Crawford* (113 N. Y. 560); *Matter of Johnson* (170 N. Y. 139); *Olcott* v. *Baldwin* (190 N. Y. 99); *Matter of Martin* (196 N. Y. 415), though in the last case only as against beneficiaries bound by an earlier decree. The courts have never attempted to formulate fixed tests, which can be applied in all cases, to determine testamentary intent. That must always be gathered from the will read as a whole. In those cases where double commissions were denied, the testator had made no distinction between functions which those named as executors

or as executors and trustees should perform by virtue of their dual offices. There the wills not only postponed division and distribution of the estate but contemplated that from the death of the testator the estate should be held by the executors, pending such division and distribution. Every duty resting upon those holding title to the estate was imposed upon the executors from the date of death, and every function and power to be exercised by them was intrusted to them from the same date. In those cases where double commissions were allowed, the directions given were different, and there were indications in the will that after the persons named as executors had fully completed administration of the estate, except as such administration might otherwise include distribution, they should hold the residue of the estate in separate trust funds or in one fund, which was to be invested and used for the purposes set forth in the will until final distribution was made. Thus the court could discern a clear intention of the testator that at a fixed period those named as executors and as trustees should hold the property as trustees.

Here, perhaps even more clearly than in many of the cases cited, the will shows that the testator intended to differentiate between the functions of People's Trust Company as executor and its functions as trustee. He did not merely attach to the office of executor functions ordinarily exercised by a trustee, but bequeathed his estate to the People's Trust Company in trust to dispose of his real estate and securities and to invest the *proceeds* in specified manner and out of the " securities so invested by it " to set apart two specific funds for the benefit of persons who might not share in the final distribution. Indeed the testator contemplated that perhaps none of the persons who shared in the income of the trust fund or funds could share in the final distribution. Then he appointed the People's Trust Company as executor of the estate, giving to it no specific powers except a power

to sell. Evidently he contemplated that the duties of the trustee should begin when the bequest in trust took effect, and it could take effect only when the executor had administered the estate and held the remainder, not by virtue of appointment as executor, but under the trust bequest. That time became fixed by the earlier decree discharging the accounting party as executor and directing it to hold the estate as trustee.

We need not now decide whether the earlier decree constituted an adjudication binding upon the parties that the estate was thereafter held by People's Trust Company as trustee. Sufficient that the will shows a testamentary intention that the trustee should hold by virtue of the bequest to it and not as executor, and the decree carries out that intent.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in the Appellate Division and in this court payable out of the estate.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.