In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK et al., as Executors of SAMUEL M. KNOOP, Deceased.

PAUL G. GRAVENHORST, as Special Guardian for HOWARD E. ST. JOHN, JR., et al., Infants, Appellant and Respondent; NATIONAL CITY BANK OF NEW YORK, Individually and as Executor and Trustee under the Will of SAMUEL M. KNOOP, Deceased, et al., Respondents and Appellants.

Submitted May 20, 1940; decided July 24, 1940.

*Paul G. Gravenhorst, Jay F. Tiffany* and *George W. Gravenhorst* for Paul G. Gravenhorst, as special guardian for Howard E. St. John, Jr., et al., infants, appellant and respondent. The inclusion of trust provisions in a will does not necessarily show an intention that the fiduciary shall act in two capacities and thereby receive double commissions. (*Matter of Glenn,* 231 App. Div. 681; *McAlpine* v. *Potter,* 126 N. Y. 285; *Matter of Core,* 241 App. Div. 311; *Johnson* v. *Lawrence,* 95 N. Y. 154.) Double commissions cannot be allowed to the same person in two capacities as executor and trustee unless the will clearly

contemplates a severance of the executorial and trust functions. (*McAlpine* v. *Potter*, 126 N. Y. 285; *Matter of Vanneck*, 175 App. Div. 363; *Matter of Martin*, 124 App. Div. 793; *Matter of Abrahams*, 136 Misc. Rep. 538; *Matter of Slocum*, 169 N. Y. 153; *Matter of Ziegler*, 218 N. Y. 544; *Matter of Lite*, 142 Misc. Rep. 793; *Johnson* v. *Lawrence*, 95 N. Y. 154; *Hurlburt* v. *Durant*, 88 N. Y. 121; *Matter of Bush*, 171 Misc. Rep. 1013.) The order of the Appellate Division in so far as it affirms that part of the decree of the Surrogate's Court which disallows double commissions on the principal of the $8,500 trust should be affirmed. (*Matter of Abrahams*, 136 Misc. Rep. 538; *Matter of Vanneck*, 175 App. Div. 363.)

*James D. Ouchterloney* and *William H. Denne, Jr.*, for executors, respondents and appellants. Separate commissions may be allowed to the same person acting as executor and trustee. (*Matter of Schliemann*, 259 N. Y. 497; *Matter of Murray*, 269 N. Y. 620.) The will evidences the intention of the testator to separate the functions and duties of the executors and trustees named in his will. (*Matter of Schliemann*, 259 N. Y. 497; *Matter of Stanfield*, 135 N. Y. 292; *Matter of Burr*, 48 Misc. Rep. 56.) The Appellate Division erred in its determination with respect to the $8,500 fund. (*Matter of Coutts*, 260 N. Y. 128; *Matter of Schliemann*, 259 N. Y. 497.)

SEARS, J. Upon the accounting of the National City Bank of New York and Earl E. Beyer, as executors of the last will and testament of Samuel M. Knoop, deceased, questions have arisen as to the amount of fees payable to the executors. The part of the will from which the questions involved have arisen contains two trust provisions, *first*, the sum of $8,500 is given to the testator's executors and trustees in trust to collect the income and pay it to one Dell Algood, and upon her death the trust fund of $8,500 to be paid into and form a part of the residuary estate; and, *second*, the entire residuary estate is given to the executors and trustees to hold and collect the income and to pay the

income to two named persons in equal shares or to the survivor of them until each attains the age of twenty-five years, and as each reaches the age of twenty-five years, the residuary estate is bequeathed to the two named persons or to the survivor of them.

The record discloses that the $8,500 trust fund has been separated from the balance of the estate and is in the possession of the National City Bank, and that when certain pecuniary legacies are paid, for which the funds are in the hands of the executors, and the executors' commissions adjusted and paid, the estate will be fully administered and nothing more will remain, except the residuary estate which also is held in trust.

The specific questions before us are whether the executors are entitled under these circumstances to commissions for paying out as well as for receiving the trust funds above mentioned. If they are so entitled, those acting as trustees will, ultimately, be entitled to fees for receiving and paying out the trust estates. In other words, the question is whether under the terms of this will those acting both as executors and as trustees will be entitled to double commissions. To be entitled to double commissions as to the fund included in the corpus of any trust, there must be a complete severance of the duties of the executors and of the trustees as to such fund. The will must show an intention on the part of the testator to end the executors' duties at some point of time and require the executors thereupon to constitute and set up the trust to be held and managed as such for the benefit of the beneficiaries. (*McAlpine* v. *Potter*, 126 N. Y. 285; *Johnson* v. *Lawrence*, 95 N. Y. 154; *Matter of Murray*, 269 N. Y. 620.)

In *Matter of Schliemann* (259 N. Y. 497) this court construed a will similar to the one now before us as to the trust of the residuary estate and made an authoritative statement of the rule applicable to the matters involved in this appeal. There, as here, the will indicated that after the person named as executor had fully completed administration of the estate, except as such administration might otherwise include distribution, he should hold the residue of the estate in

separate trust funds or in one fund to be invested and used for the purposes set forth in the will until final distribution was made (p. 504).

There is in the will before us no interweaving of the duties of the trustees with those of the executors. The separation of the $8,500 fund from the body of the estate was to terminate executorial duties in respect thereto. Upon the payment of debts and legacies, the residuary estate becomes a separate fund. That the $8,500 trust fund passes on the death of the life beneficiary into the residuary estate which constitutes the corpus of another trust requires no intervention of executors, as such, nor are the fees or commissions of the trustees increased thereby. (*Matter of Coutts,* 260 N. Y. 128.)

The conclusion follows that commissions should be allowed to the executors upon their accounting for paying out the sums to become the principal of the trust funds in question. It makes no difference that such paying out is accomplished by the retention of the funds by the same individuals who had previously acted as executors.

The order of the Appellate Division should be modified in accordance with this opinion, and, as so modified, affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., taking no part.

Ordered accordingly.