In the Matter of the Accounting of LEWIS COUNTY TRUST COMPANY, as Executor of MORRIS E. BURKE, Deceased.

Surrogate's Court, Wayne County, September 19, 1946.

*John W. Brandt* for executor.

*Earl W. Tabor,* special guardian for Richard J. Burke, an infant.

BRASSER, S. Morris E. Burke devised and bequeathed his entire net estate to Lewis County Trust Company, of Lowville, New York, in trust, for the benefit of his brother, William Mace Burke, during his lifetime. The trust company, named executor and trustee, was directed to " hold, manage, invest and re-invest * * * said property, and to pay the entire net income remaining, after deducting the costs of administration of said trust, to or for the benefit of * * * said brother during his lifetime." Upon the death of decedent's brother, the trust fund was given to two nephews in equal shares, the entire fund to be payable, in the event of death of a nephew, to the survivor.

The executor and trustee was further empowered to sell or dispose of any part, or all, of the corpus and invest or reinvest the trust moneys in such stocks, bonds or securities as it may deem proper.

The executor and trustee has petitioned for the judicial settlement of its account, praying that the residuary estate, after deducting commissions due it as executor, and the administration expenses, be paid over to itself, as trustee.

The special guardian objects to the payment of double commissions in this estate, contending that there is no clear line of demarcation between the duties of executor and trustee and that there is no point of time fixed when one function ends and the other begins.

The usual functions of an executor are to pay the debts, marshal the assets and distribute the specific sums, or things, to those entitled thereto. Unless these duties are, by the terms of the will, to be completed prior to the distribution, double commissions will not be awarded.

As a general rule, if the will indicates that the testator intended that the duties of the executor and trustee were to be separate, double commissions are allowable.

Had the will provided that upon the death of the life beneficiary, the corpus should revert to the residuary estate, the duty of distribution would devolve upon the executor and there

would be no present termination of its executorial function. (*Matter of Vanneck*, 175 App. Div. 363; *Matter of Murray*, 269 N. Y. 620.)

The amount of the trust fund cannot be ascertained or the trust set up, until the accounting of the executor. Thereafter all functions with reference to the estate can be performed by the trustee. There is, therefore, a point of time when the duties of the executor terminate and those of the trustee begin.

The decree should provide for full commissions to the executor upon principal received and paid out to the trustee, pursuant to the decree to be entered, and full commissions on accumulated income received to be paid over to the life beneficiary. (*Matter of Schliemann*, 259 N. Y. 497; *Matter of Knoop*, 258 App. Div. 1057, mod. 283 N. Y. 267.)

Submit decree accordingly, at which time allowances will be made.