S. Samuel Di Falco, S.
In this accounting proceeding, petitioner prays for a construction of the will. Decedent died in 1887 leaving a will which was duly probated in this court under which he bequeathed half of the net income of his estate to his widow and half to his daughter, who eventually received the whole of said income under the terms of the will after the death of her mother. He further provided that if the daughter should die leaving descendants, the whole of his estate should pass to them and their heirs forever per stirpes, but that “ if my said daughter should die not leaving any descendants, I give the whole of my estate except as aforesaid to the descendants of my half-brother, Benjamin B. Butman and their heirs forever per stirpes ”. Benjamin B. Butman predeceased testator leaving four children, three of whom predeceased testator’s daughter and one of whom survived her. Two of the predeceased children left no descendants, but one left a son who is still living. The daughter died November 25, 1955. Question arises as to whether the remainder vested upon the death of testator or upon the death of testator’s daughter. The court holds that the clear language of the will indicates that the remainder was contingent and that the testator intended a gift to a class to be determined upon the death of his daughter, Elizabeth D. Butman (Matter of Buechner, 226 N. Y. 440). The court, therefore, directs that the remainder be distributed in equal shares to G-lenna Butman Henry, as assignee of testator’s nephew Harold B. Butman, and to Frederick E. Kuhnast, grandnephew of testator.
Objections have been filed to annual principal commissions taken by petitioner since 1943 and similar commissions requested on this accounting on the ground that section 285-a of the Surrogate’s Court Act only allows same to a trustee. However, subdivision 6 of section 314 of the Surrogate’s Court Act provides that the term “testamentary trustee” includes an executor or administrator where he is acting in the execution of a trust created by the will which is separable from his *1003 functions as executor or administrator. In the instant case, although petitioner is designated as administrator c. t. a., it has in fact been performing all the functions of a trustee and the decree of May 1, 1934, settling its account, specifically directed that it continue to- hold in trust and administer in accordance with the provisions of the will, the balance of principal and income remaining in its hands. The court approves the commissions already taken and authorizes the commissions requested in this account, all totaling the sum of $865.71 (Matter of Knoop, 283 N. Y. 267; Matter of Schliemann, 259 N. Y. 497). The objections are, therefore, overruled.
Submit decree on notice construing the will and settling the account accordingly.