Lott H. Wells, S.
Upon the accounting of the Northern New York Trust Company as executor of the last will and testament of Walter F. Willson, deceased, a question has arisen of whether under the terms of the will, it is entitled at this time to one full commission as executor and whether it would also be entitled to commissions as trustee.
Walter F. Willson, age 89, died February 2, 1959, survived by his widow, Jesse M. Willson, age 80. His will dated February 1, 1957, was admitted to probate in Surrogate’s Court, St. Lawrence County, on February 24,1959. At the time of probate, letters of trusteeship as well as letters testamentary were issued to petitioner. (Surrogate’s Ct. Act, § 16, subd. 2.) Such letters of trusteeship are a practice problem, not a determination under the will that it was then necessary to obtain successive letters. Mr. Willson retired as president of the First National Bank and Trust Company of Massena, New York, in 1953 when that bank was merged and became a branch of the Northern New York Trust Company. The decedent’s will, after the first provision dealing with debts, created by provisions second, third, fourth, fifth, sixth and seventh cash and specific legacies and a specific devise. Provision thirteenth restrains the dower and elective rights of the widow. Provision sixteenth requested employment of attorney Wm. S. Crapser. The part of the will from which the question involved has arisen are provisions eighth, ninth, tenth, eleventh, twelfth, FOURTEENTH and FIFTEENTH, aS follows :
eighth, I give and bequeath in trust to the Northern New York Trust Company all the rest, residue, and remainder of my estate of whatever name or nature, wherever situated, of which I may die seized or possessed, and to which I may be entitled at the time of my decease, for the purpose of investing and keeping the same invested and to pay all the income therefrom to my wife, jesse m. willson, quarterly during the term of her natural life, and should the income from my estate be insufficient to maintain and support my said wife in the same manner and station in life in which she is now being supported and maintained I direct my said executor and trustee to use so much of the principal of my estate as shall be necessary to maintain and support in comfort my said wife.
ninth, After the death of my said wife, or at the time of my death, should I survive my said wife, I give and bequeath to John F. Willson, 215 N. Main Street, St. Albans, Vermont, and to Elizabeth W. Soule, 35 Prospect Street, St. Albans, Vermont, one-third of the residue of my estate, they to share and share alike in said one-third.
*229 tenth, After the death of my said wife or at the time of my death, should I survive my said wife, I give and bequeath one-third of the remainder of my estate to the Massena Memorial Hospital.
eleventh, After the death of my said wife, or at the time of my decease, should I survive my said wife, I give to the Society of United Helpers, located in the City of Ogdensburg, New York, one-third of my residuary estate.
twelfth, My executor and trustee hereinafter named, in the investment of the proceeds of the sums hereby given it in trust for my said wife, is authorized to invest in such securities that the trustee deems suitable and for the best interests of the trust fund, regardless of any law prescribing the requirements for investments for trustees.
fourteenth, All transfer and inheritance taxes on any of the specific bequests herein devised or bequeathed shall be paid from my residuary estate, so that each beneficiary shall receive the amount of such devise or bequest without deduction. It is my intention that all of the specific bequests set forth in paragraphs two through seven shall be paid before the setting up of the trust for the benefit of my wife.
fifteenth, I hereby nominate, constitute and appoint the Northern New York Trust Company executor and trustee of this my Last Will and Testament, hereby revoking all former or other wills and testamentary dispositions by me at any time heretofore made, and I authorize and empower my said executor and trustee herein named to sell and convey any and all real estate of which I shall die seized or possessed, at public or private sale, at such times and on such terms and conditions as it shall deem for the best interests of my estate, and to execute, acknowledge and deliver all proper writings, deeds of conveyance, or transfers therefor. It is my wish and desire that the Massena Office of the Northern New York Trust Company handle my estate.
The executor claims there is a clear division between the two functions and that the division has now been accomplished and it asks that it be given one full commission for receiving and paying, payable to it at this time as executor, and that it be discharged as executor and take up its duties as trustee.
The method of computing commissions of trustees under wills of person dying on or after August 31, 1956 is provided for by section 285-b of the Surrogate’s Court Act. Such commissions may not appear a matter of serious import to the estate, at Mrs. Willson’s age, on account of the 1% paying commission, although the aggregate of such additional commissions if properly allowable, make the question of double commissions worthy of the most careful study and critical analysis before a decree is made settling the accounts as executor, awarding commissions to it as executor, and directing it to transfer to itself as trustee the residuary fund. Such decree involves the question of whether it constitutes an adjudication binding upon the parties that the estate was thereafter held by the Northern New York Trust Company as trustee with the performance of the duties of a trustee actually begun, by “ a judicial decree which wholly discharges the executor and leaves him acting and liable only as trustee.” (Johnson v. Lawrence, 95 N. Y. 154,162 [1884].)
*230 1 ‘ It cannot be gainsaid that in the average case where a so-called trust is set up in a testamentary document and the one to whom the administration has been confided seeks commissions on the principal at the double rate, all that the testator directed when instructing his attorney, in the preparation of his will was that specified persons should have the income from a certain sum or portion of his estate for life and on their deaths it should go to others. Where, under such an instrument, the same administrator is to handle the fund throughout, it would unquestionably be a matter of great surprise to the average testator to learn that his attorney, consciously or unconsciously, had it in his power to double the exaction from the fund by a slight change of phrase or a substantially immaterial manner of directing the same administrator to pay the same money to the identical individual. Under our legal system every man is, of course, presumed to know the law, but this is a very different matter from a solemn determination that in a given case a specified testator actually affirmatively intended that the * * * corporation selected to administer his affairs from start to finish should receive a double payment from the principal funds of his estate, where such * * * corporation merely shifts the fund from one pocket to another and it remains continuously in * * * its possession. It is contrary to human nature for any person to desire to pay a larger sum for a given service when the identical act may be secured for half the amount from the same individual.” (Matter of Jacltson, 138 Mise. 167, 170 [1930].)
1 ‘ In states in which by statute executors and trustees are entitled to a fixed percentage on the principal of the estate, and the same person is named as executor and trustee under a will, there is a conflict of authority on the question whether he is entitled to commissions both as executor and trustee # * * in New York, it is held that he is entitled to compensation in both capacities if, but only if, his functions as trustee are clearly differentiated in the will from his functions as executor. In these cases it is true that he acts in both capacities, but if there is in the will no clear line of demarcation between the two sets of duties, if the will does not contemplate his ceasing to be executor, and becoming trustee at a more or less definite time, but it is contemplated that he may act as trustee as to a part of the property while still acting as executor to other parts of the property, he is not entitled to double commissions.” (3 Scott, Trusts [2d ed.], § 242.9, pp. 1947-1948.)
“ An executor is not entitled to commissions for distributing the principal of the estate until he has completed such distribu *231 fcion and no longer has title to its assets. A trustee is not entitled to commissions for * * * the principal of a trust fund until title to such fund has passed to him. That is true alike where one person is appointed as executor and trustee or where different persons hold each office. The title to the assets, in either case, is, at all times, in the holder of a particular office and cannot at any time be divided between the simultaneous holders of two offices. Thus the problem presented in each case is whether a ‘ point of time is fixed or contemplated in the testamentary intention ’ at which time the assets of the estate shall no longer remain in the executor but shall pass to the trustee under the will.
“ That problem is simple where separate persons are named as executor or trustee, for the trustee’s functions begin only when the title passes to the trustee, and the time when such functions begin is fixed at the point where there is actual severance of the trust fund from the general assets of the estate. Evidently a testator must have contemplated such severance where he has named different persons to perform the functions of separate offices. The problem is more difficult and complicated when the same person is named as both executor and trustee. Then double commissions can be awarded to a person claiming to hold both offices only where a testamentary intent is apparent to create a trust fund to be held by a trustee after severance from the general assets of the estate.” (Matter of Schliemann, 259 N. Y. 497, 502-503 [1932].)
The basic rule governing the question is that stated by the Court of Appeals (Johnson v. Lawrence, 95 N. Y. 154, 159-160, supra):
“ That the same person may be entitled to compensation as executor, and also as trustee, in respect to the same estate, or some part thereof, is undoubtedly true, but does not follow in every instance where trust duties are imposed upon an executor. Where, by the terms or true construction of the will, the two functions with their corresponding duties co-exist, and run from the death of the testator to the final discharge; interwoven, inseparable and blended together, so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions or compensation in both capacities cannot be properly allowed.”
“ The courts have never attempted to formulate fixed tests, which can be applied in all cases, to determine testamentary intent. That must always be gathered from the will read as a whole. In those cases where double commissions were denied, *232 the testator had made no distinction between functions which those named as executors or executors and trustees should perform by virtue of their dual offices. * * * Every duty resting upon those holding title to the estate was imposed upon the executors from the date of death, and every function and power to be exercised by them was intrusted to them from the same date. In those cases where double commissions were allowed, the directions given were different, and there were indications in the will that after the persons named as executors had fully completed administration of the estate, except as such administration might otherwise include distribution, they should hold the residue of the estate in separate trust funds or in one fund, which was to be invested and used for the purposes set forth in the will until final distribution was made. Thus the court could discern a clear intention of the testator that at a fixed period those named as executors and as trustees should hold the property as trustees.” (Matter of Schliemarm, 259 N. Y. 497, 503-504, supra [1932].)
The language of the Court of Appeals in McAlpine v. Potter (126 N. Y. 285 [1891]), wherein the will (p. 286) gives the entire estate in trust and directs (p. 287): “ I direct my executors and trustees hereinafter named * * * to retain my estate entire and undivided” seems to the court peculiarly directed to the terms of this testamentary provision. “ To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that the payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office. A will must go further than that to admit of double commissions, and must clearly and definitely indicate an intention of the testator to end the executor’s duty at some point of time, and require him thereupon to constitute and set up one or more several trusts, to be held and managed as such ” (pp. 289-290).
This will, while it creates a trust in the eighth provision, it speaks of my “ executor and trustee” without separation of duties, with direction to pay the income to the widow and to use so much of the principal as shall be necessary for her support. In the twelfth provision it speaks of my “ executor and trustee ” with full discretion as to investments and not to be restricted to legal investments, being clearly connected with and related to power to invest and reinvest in the eighth provision. *233 In the fourteenth provision the intention is limited to provide against apportionment of Federal and State estate taxes. (Decedent Estate Law, § 124, snbds. 2, 3.) There is no provision which requires or contemplates a holding of any part of the estate by the trustee as distinguished from the executor, or which indicates an intention of the testator to end the executors duty at some point of time, and require it thereupon to constitute and set up one or more several trusts to be held and managed as such.
“ To constitute a testamentary trustee it is necessary that some express trust be created by the will. Merely calling an executor or guardian a trustee does not make him such. Every executor and every guardian is, in a general sense, a trustee, for he deals with the property of others confided to his care. But he is not a trustee in the sense in which that term is used in courts of equity and in the statutes.” (Matter of Hawley, 104 N. Y. 250, 261 [1887].) “Except as otherwise prescribed in this chapter, an express trust, valid as such in its creation, shall vest in the trustee the legal estate, subject only to the execution of the trust, and the beneficiary shall not take any legal estate or interest in the property, but may inforce the performance of the trust.” (Real Property Law, § 100.) ‘1 When is a trust created? The answer depends upon the intentions of the testator as expressed in his will —not upon the action or non-action of the executor or trustee — not upon their caprice or diligence. It may be upon the testator’s death. It is if there is nothing to indicate a contrary design. * * * The trust certainly is created from the date when the cestui becomes entitled to its benefits.” (Matter of Bird, 241 N. Y. 184, 187, 188 [1925].) Accordingly, the express trust by the eighth provision of the will, would be created upon the testator’s death— the date the widow became entitled to its benefits. Although no trust is necessary to carry out the wishes of the testator. (McAlpine v. Potter, supra.)
Under the rule of Johnson v. Lawrence (95 N. Y. 154, 162, supra) the duties of the fiduciary must be separate, one must “precede the other” and “be performed before the latter is begun ’ ’ to entitle such fiduciary to double compensation. Here the identical duties, so far as the residue is concerned, are, imposed upon the fiduciary from the moment it qualifies as executor until the final payment to the ultimate remaindermen, and the facts, therefore, fall within the inhibition of the Court of Appeals in that case to the effect that double commissions must not be allowed where the terms of the will ‘ ‘ provide for the co-existence, continuously and from the beginning, of the two *234 functions and duties I am led to the conclusion that in provisions eighth and twelfth of the will where the fiduciary is both executor and trustee, no testamentary intent is apparent to create a trust fund to be held by a trustee after severance from the general assets of the estate. It follows, double commissions cannot be awarded to the fiduciary claiming to hold both offices. The executor is at this time entitled to one half of its commission as executor for receiving and paying out. It will be entitled to the other one half upon the death of the widow and the final distribution of the estate.