■    Jon E. Smith et al., Respondents, v. Diane Cudo, Appellant.— *Per Curiam.* The verdict was contrary to the weight of the evidence. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■    In the Matter of the Estate of Walter F. Willson, Deceased. Marine Midland Trust Company of Northern New York, as Executor of Walter F. Willson, Deceased, Appellant.— *Per Curiam.* Appeal from so much of a decree of the Surrogate's Court of St. Lawrence County as, in effect, denied double commissions to a corporate fiduciary acting as executor and as trustee. The appeal is not contested and, indeed, there was no objection on the accounting before the Surrogate, by any party, to the commissions requested. Under the will, the trust was to be, and was, carved from the residuary estate, after the payment of numerous monetary and specific bequests; the testator explicitly stated his intention that all such bequests be paid " before the setting up of the trust "; the severance of the trust fund from the general assets, as so contemplated, was effectuated, and was confirmed upon judicial settlement of the executor's account; there was clearly intended, and there actually occurred, a separation of the duties and functions of the executor and those of the trustee; and the executorial duties were completed prior to the commencement of the administration of the trust. That the executor and trustee would become entitled to double commissions under such circumstances is clear beyond dispute. (*Matter of Knoop*, 283 N. Y. 267; *Matter of Schliemann*, 259 N. Y. 497.) Decree modified, on the law and the facts, so as to award full commissions to the executor and, as so modified, affirmed, with costs payable from the estate, to the extent that unallocated funds may be available therefor. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.   [37 Misc 2d 227.]