## (July 2, 1969)

■ In the Matter of the Estate of WARREN O. DANIELS, Deceased. MARINE MIDLAND TRUST COMPANY OF NORTHERN NEW YORK, as Executor of WARREN O. DANIELS, Deceased, Appellant; CHARLES D. CAMPBELL, Special Guardian, Respondent.— COOKE, J. Appeal from a decree of the Surrogate's Court of St. Lawrence County, entered March 7, 1968, which confirmed the decree of judicial settlement of the accounts of the Marine Midland Trust Company of Northern New York, as executor of the last will and testament of Warren O. Daniels, deceased, entered March 30, 1967. Upon the executor's taking exception to the amount of commissions allowed to it, in the earlier decree, the Surrogate ordered that the settlement proceeding be reopened for submission of evidence of decedent's intent regarding commissions and for construction of the will in said respect. Decedent, an attorney of considerable experience in estate matters, passed away on October 12, 1964 and two weeks thereafter his will dated July 6, 1963 was admitted to probate. The instrument directed the payment of debts, funeral expenses, inheritance and estate taxes, provided for several specific legacies and then directed that the executor divide all the residue of his estate into two parts. One of said two parts was devised and bequeathed to his trustee to invest and reinvest and pay the income therefrom to decedent's son during his lifetime, and, upon the son's death, that the trustee continue such part in trust with the net income to the son's wife, if still his widow, and the son's children in equal shares, with provisions that this trust terminate when all said children reach 21 years of age and that the principal of the trust and income then held be distributed to the children of his son. The other part was devised and bequeathed to his trustee to invest and reinvest and pay the income therefrom to his grandson Howard W. Cochran at the rate of $100 per month so long as he shall live, with all the rest of the net income of such part to his daughter Dorothy A. Cochran so long as she shall live, with provision for principal invasion for said daughter if necessary, and, upon the death of the daughter, the net income to which she would be entitled shall be paid to her son Howard during his life, with provision that the said trust terminate upon the death of both the daughter and Howard and that the principal and accrued interest be paid to the then

living children of decedent's son Roger. The Marine Midland Trust Company of Northern New York was appointed executor and trustee under the will, and paragraph "FOURTEENTH" provided: "For the purpose of determining my true executor's and Trustee's commissions, it shall be assumed that only one trust is created by this will and no additional commissions shall be allowed my trustee on account of successive trusts, multiple trusts, separate fund or powers in trust to take care of minors or otherwise; and trustee shall receive its commissions for paying out principal funds only as it finally disburses them into the hands of the ultimate beneficiaries." Double commissions can be awarded to a person named as both executor and trustee only where a testamentary intent is apparent to create a trust fund to be held by a trustee after severance from the general assets of the estate; and, even then, they may not be awarded unless the performance of the duties of a trustee has actually begun either by a real severance of the trust fund from the general assets or a judicial decree which wholly discharges the executor and leaves him acting and liable only as trustee (*Matter of Knoop*, 283 N. Y. 267, 270; *Matter of Schleimann*, 259 N. Y. 497, 502–503; *Johnson* v. *Lawrence*, 95 N. Y. 154, 162; 4B Warren's Heaton Surrogates' Courts, § 425, par. 2; 3 Harris, Estates Practice Guide, § 845). Under the will, the trusts were to be, and were, carved from the residuary after the payment of numerous monetary and specific bequests; the severance of the trust funds from the general assets, as so contemplated, was effectuated and was confirmed by the judicial settlement decree; there was clearly intended, and there actually occurred, a separation of the duties of the executor and those of the trustee and the executorial duties were completed prior to the commencement of the administration of the trust (cf. *Matter of Willson*, 21 A D 2d 937). Not only was there a real severance of the trust funds from the general assets but the decree of settlement provided that, upon making the payments as ordered therein, said trust company be discharged from all further liability as said executor and thereby, by its terms, discharged the executor and left it acting and liable solely as trustee. Although the word "executor's" is employed in the first clause of the will's paragraph "FOURTEENTH", the only limiting language contained in said paragraph refers to the commissions of the trustee. The terminology used, confirmed by extrinsic proof, indicates that it was testator's intention that the applicable percentage for the trustee's annual commissions be computed as if there were only one trust, rather than on each trust separately, and that it be certain that the trustee would be entitled to commissions on principal only when it finally disbursed into the hands of the ultimate beneficiaries. At no time did decedent express any reservation concerning payment of the executor's rightful commissions. Decree modified, on the law and the facts, so as to award full commissions to the executor, and, as so modified, affirmed, with costs to appellant payable from the estate. Gibson, P. J., Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.