Willard W. Cass, Jr., S.
This is an estate tax question in which the petitioner, A. Laverne Larson, as executor of the estate of Alice M. Larson, challenges the ruling of the estate tax appraiser and attorney for Chautauqua County disallowing certain expenses incurred in the administration of the estate.
The facts involved in the controversy do not appear to be in dispute. The testatrix, Alice M. Larson, died on August 28, 1972, and her will was duly admitted to probate by this court on September 11, 1972. The testatrix, by the residuary clause of her will, left her entire estate to her four children equally, and appointed the executor with full power and authority to sell and convey real estate. Part of the testatrix’ estate consisted of a house and real estate which was sold on May 1, 1973 for $19,000. In Schedule J-l of the transfer tax proceeding the executor claims deductions as administration expenses for the sale of the real property as follows:
Schedule J-l
ADMINISTRATION EXPENSES — RE: REAL PROPERTY
Pennsylvania Gas — Jamestown, New York — for 10/72 $ 20.00
Niagara Mohawk — Jamestown, New York — 10/10/72-12/8/72 9.41
Pennsylvania Gas — Jamestown, New York — for 11/72 20.00
Pennsylvania Gas — Jamestown, New York — for 12/72 20.00
1973 State, County & Town Tax 131.98
Niagara Mohawk — Jamestown, New York — for 1/73 6.95
David S. Findlay, Surveyor 65.00
Cost of Title Search — Chautauqua Abstract Co. 97.00
Chautauqua Abstract Company 20.50
Deed Stamps 20.90
$411.74
*399 The executor claims that the expenses of the sale are proper administration expenses because the executor had to sell the real property in order to make distribution. The estate tax appraiser and attorney has disallowed these deductions claiming that they were improper under State law in that the property passed to the four children upon the death of the decedent, and it was not necessary for the executor to sell the property to pay the debts and funeral expenses. If the deductions for administration expenses in question are allowed by this court along with other estate tax deductions which are satisfactory to the estate tax appraiser and attorney, a computation of the New York gross estate deductions, gross estate tax, credits, and net estate tax, would be determined as follows:
New York gross estate $39,693.05
New York estate tax deductions 5,442.28
New York taxable estate $34,250,77
New York gross estate tax $685.02
Credits against estate tax 400.00
New York net estate tax $285.02
The sole issue before this court is whether or not the administration expenses claimed by the executor as deductions in the amount of $411.74 should have been allowed by the state tax appraiser and attorney.
Section 955 of the Tax Law of the State of New York allows the decedent’s estate to take the same deduction in the New York estate tax return that would be allowed in the Federal estate tax return under the Internal Revenue Code.
Under the Internal Revenue Code the estate is entitled to a deduction for those administrative expenses that are allowable by the laws of the jurisdiction under which the estate is being administered.
Section 2053 of the Internal Revenue Code (US Code, tit 26, § 2053) provides in part as follows:
"(a) General Rule — For the purposes of the tax imposed * * * the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts * * *
"(2) for administrative expenses * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered.”
Congress has thus committed to the considered judgment of the States whether a particular expense is allowable as a *400 proper or necessary charge against estate assets. In the instant case then, it becomes necessary to examine the laws of the State of New York in order to determine if the claimed administrative expenses listed in the decedent’s estate tax return are proper.
New York State has enacted statutory provisions for the administration of an estate and the responsibilities of fiduciaries. EPTL 11-1.1 enumerates the powers, duties and liabilities of the fiduciary.
EPTL 13-1.3 eliminated the requirement that the personal assets of the decedent have to be used by the executor for the payment of estate obligations before the executor could dispose of the decedent’s real property for such purposes. Part of the statute reads as follows:
"§ 13-1.3 Assets chargeable with payment of estate obligations; order in which assets appropriated; abatement
"(a) All of the property of a decedent, and any income therefrom in the course of estate administration, is chargeable with the payment of:
"(1) Administration and reasonable funeral expenses, debts of the decedent and any taxes for which the estate is liable.
"(2) Unless such property is specifically disposed of, any general dispositions.
"(b) In applying such property to the payment of any item specified in paragraph (a), no distinction shall be made between real and personal property.”
Subdivision (b) of this section makes explicit that "no distinction shall be made, between real and personal property” in applying estate assets to the satisfaction of estate obligations. This statute changes the old rule that required personal assets of an estate had to be exhausted before resort could be had to any real property for the payment of the estate obligations.
EPTL 11-1.1 (subd [b], par [5]) gives the fiduciary the power to sell real property not specifically devised for the purpose of paying estate obligations unless specifically prohibited from doing so by the will.
SCPA 1902 deals with the purposes that real property may be disposed of by a fiduciary.
"§ 1902. For what purposes real property is subject to disposition.
*401 "The real property may be disposed of for any or all of the following purposes:
"1. For the payment of the expenses of administration.
"2. For the payment of funeral expenses.
"3. For the payment of the debts of the decedent, including judgment or other liens, excepting mortgage liens, existing thereon at the time of his death.
"4. For the payment of any transfer, estate or other death tax.
"5. For the payment of any debt of legacy charged thereupon.
"6. For the payment and distribution of their respective shares to the persons entitled thereto.
"7. For any other purpose the court deems necessary.” (L 1966, ch 953.)
Professor Ralph D. Semerad in the Practice Commentary of McKinney’s Consolidated Laws of New York (SCPA 1902, p 268) comments on the statute.
"All of these purposes involve a need to convert real property into cash to enable the fiduciary to pay debts, expenses, legacies or distributive shares.”
Certainly the executor had the right under the existing law to sell the decedent’s real property for the purposes of distribution and the payment of debts. This right of sale existed even though other personal assets may have been available to the executor for the payment of debts and funeral expenses.
One case which dealt with this type of issue is the Matter of Park v Commissioner of Internal Revenue (475 F2d 673). In that case the decedent’s residence and cottage passed to her four children under the residuary clause of her will. The four children lived outside the State of Michigan and requested that the administrator sell the house and cottage which was done. The Internal Revenue Service denied the deductions on the estate tax return for the broker’s commission and other expenses, which included property taxes and maintenance costs. The Commissioner of Internal Revenue, citing Treasury Regulation 20-2053-3 (d)(2) argued that the expenditures were not essential to the proper settlement of the estate, but were incurred for the individual benefit of the heirs. Treasury Regulation 20-2053-3 (d)(2) (26 CFR 20-2053-3 [d] [2]) states in pertinent part: "Expenses for selling property of the estate are deductible if the sale is necessary in order to pay the dece *402 dent’s debts, expenses of administration, or taxes, to preserve the estate, or to effect distribution.”
The court held that the Internal Revenue Code (§ 2053, subd [a]) requires that deductions from the taxable estate be allowed for administration expenses if they are allowed as proper administration expenses under the law of the State in which the estate is being administered. The court noted that in Michigan such expenses are considered proper deductions. Part of the court’s decision is as follows (pp 676-677): "The [IRS] would have us distinguish between what is necessary for the estate and what is for the individual benefit of the beneficiaries. We decline to draw such a distinction, primarily because it is not warranted by the wording of § 2053 (a). Also the distinction is untenable because any action that benefits the estate will also in effect benefit the beneficiaries. The real estate was non-income producing property. It represented a drain on the estate’s other assets. A prudent fiduciary should be and perhaps is required to prevent the loss of probate assets when it may safely be avoided. If the fiduciary on the basis of his sound judgment * * * feels that the estate would benefit by the sale of the real estate (regardless of the wishes of the beneficiaries) the availability of the deductions under § 2053 (a) should not be denied because the [commissioner] does not deem the sale to have been necessary.” The reasoning of the 6th Circuit Court is sound and logical.
An executor-trustee has statutory power to sell the estate real property, and this power existed whether or not such sale was necessary to pay debts and administration expenses. (Matter of Saphir, 73 Misc 2d 907.)
An executor or administrator is primarily charged with the duty of liquidating estate assets as soon as practicable. (Matter of Bancroft, 196 Misc 787.)
An executor’s usual functions are to pay debts, marshal assets, and distribute specific sums or things to those entitled thereto. (Matter of Burke, 187 Misc 712.)
The executor, in the performance of his duties, was required to pay the utility bills to preserve the assets of the estate. In order to make distribution he was required to sell the real property.
It is, therefore, the decision of this court that the sale of the real property in question was reasonable and necessary under the circumstances. One cannot divide a house into four equal parts and give each distributee one of those parts. The only *403 logical conclusion is to have the fiduciary sell the property and distribute the proceeds. A tax order may be entered fixing the tax in this estate in the amount of $285.02 pursuant to the decision herein.