OPINION OF THE COURT
Martin Schoenfeld, J.
"What’s in a name? That which we call a rose By any other name would smell as sweet.”
In this nonprimary residence summary proceeding, however, a rose by any other name is not the same thing. More *739 specifically, a 30-day termination notice stating petitioner to be an executrix when in fact she is a trustee is a defective notice which cannot be amended.
Petitioner moves to strike a jury demand pursuant to the provisions of a written lease and requests leave to conduct discovery. Respondent alleges that petitioner is not a proper party to this proceeding. The petition and 30-day notice to terminate name Hilde M. Basch as executrix of the estate of Herman Basch, deceased, as landlord. Respondent, citing the last recorded transfer of the subject property which is an assignment of deed from Irving A. Isaacs as executor of the last will and testament of Herman Basch, deceased, to Hilde M. Fremont, as trustee for the benefit of Lisa Basch, Richard Basch and Paul Basch, cross-moves for summary judgment dismissing the petition, severing the counterclaims and awarding counsel fees.
Petitioner’s counsel, in reply, states upon information and belief that after Mrs. Basch’s husband died, she remarried. Her new married name being Fremont, Hilde Basch and Hilde Fremont are therefore one and the same. It is also stated upon information and belief that Hilde Basch was executrix of her father-in-law’s estate and does hold title to the subject premises as trustee for her three children. Thus, it is claimed that respondent makes much ado about nothing and that petitioner should be allowed to correct any defect by conforming it to the proof.
The earlier concept that there must be strict adherence to the statutory requirements in a summary proceeding has been somewhat changed. The modern trend is that a summary proceeding is more akin to the classic plenary action so that in a proper situation technical defects contained in a petition may be amended. (Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976]; Monarch Prop. Assoc. v Benjamin, 108 Misc 2d 251 [Kings County 1981].) However, this liberalized approach has not been extended to the 30-day termination notice. Such notices concern subject matter jurisdiction, so that defects cannot be retroactively cured. (See, Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]; 615 Co. v Mikeska, NYLJ, Apr. 1, 1986, p 7, col 1 [NY County].)
A termination notice must be clear, unambiguous and unequivocal if it is to function as the catalyst which terminates a leasehold. (280 Lafayette Studios Corp. v Martini, NYLJ, July 28, 1983, p 5, col 1 [App Term, 1st Dept].) When a tenant’s *740 right to remain in an apartment is being threatened, he is entitled to know with safety whether the termination notice emanates from the proper party. (See, Wertentiel v Coe, 132 Misc 2d 216 [NY County].)
In a general sense every executrix is a trustee for she deals with the property of others confided to her care. However, legally an executorship is not a trust, and the terms represent two distinct entities. (See, Matter of Hawley, 104 NY 250, 261 [1887]; Matter of Willson, 37 Misc 2d 227, 231 [St. Lawrence County 1962].) A trustee’s duties, which are varied and may continue for a long period of time, will be determined by the trust purposes and the provisions of the trust instrument. In contrast, the duties of an executor are temporary in character and are primarily concerned with the settlement and distribution of a decedent’s estate. (See, Wood v Brown, 34 NY 337, 339 [1866]; 61 NY Jur, Trusts, § 11, at 85.)
Clearly then, the notice given to respondent by Hilde Basch as executrix rather than by Hilde Fremont, trustee, as stated in the assignment of deed, must be deemed improper. The explanation given by petitioner’s counsel is of no avail as this is a jurisdictional defect. In any event an attorney’s affirmation without personal knowledge of the facts is insufficient to defeat a summary judgment motion. (Roche v Hearst Corp., 53 NY2d 767, 769 [1981].) Mrs. Basch has never submitted her own affidavit in regard to these motions. The court also notes in passing that the lease names yet a third entity, Hilde Basch Agency No. 1, as landlord. Further adding to the confusion is the bare statement by petitioner’s counsel that Mrs. Basch was executrix of the estate of her father-in-law without tying it into the relationship that Irving A. Isaacs, as executor, has to the Herman Basch estate.
For the above-stated reasons the petition is dismissed. Petitioner’s application to conduct discovery is denied as moot. Respondent may, if so inclined, proceed with the counterclaims as the remaining part of this summary proceeding or may commence a plenary action. If respondent elects the former, this is without prejudice to any application petitioner may deem appropriate including renewal of a motion to strike the jury demand. (See, Coronet Props. Co. v Lederer, NYLJ, Feb. 21, 1986, p 12, col 2 [App Term, 1st Dept].) As this seems to be a case of first impression, and it readily appears that petitioner did not intentionally attempt to deceive respondent, that part of the cross motion for legal fees is denied.