*1028 OPINION OF THE COURT
C. Raymond Radigan, J.
Decedent died testate on July 8, 1993, survived by one child as his distributee. His last will and testament dated June 18, 1991 was admitted to probate on September 22, 1993. Under the terms of his will, the decedent left three general bequests of $15,000 each to relatives with the residuary to his sole distributee/executrix daughter. The estate consisted of testamentary assets in excess of $500,000, including the decedent’s home which the executrix sold in her capacity as executrix for $248,000.
In the New York State estate tax return, the executrix took an estate tax deduction of $10,912 for expenses incurred as an incident to the sale of decedent’s real property, specifically the broker’s commission and the New York State transfer tax. The New York State Department of Taxation and Finance disallowed said deductions as administration expenses and issued a "Notice of Deficiency” to the estate in the sum of $672.06. The executrix now moves this court pursuant to Tax Law, article 26, § 998 for an order reversing the determination of the Tax Department and cancelling the notice of deficiency in the sum of $672.06.
While the facts of this case are fairly simple and not in dispute, nevertheless it focuses the court’s attention on the inconsistencies in the Internal Revenue Code (26 USC) and the Federal Estate Tax Regulations as they affect the New York Tax Law. In the present case, the taxable assets exceed the threshold of $600,000, thus requiring the filing of a Federal estate tax return. There is no indication that a Federal audit has been conducted or that the issue of deductibility of the selling expenses has been dealt with at the Federal level.
The petitioner points out that EPTL 11-1.1 (b) (5) (B) allows a fiduciary "[t]o sell [estate property] at public or private sale, and on such terms as in the opinion of the fiduciary will be most advantageous to those interested therein.” Further, EPTL 13-1.3 (a) makes "[a]ll of the property of a decedent * * * chargeable with the payment of: (1) [administration and reasonable funeral expenses * * * (2) * * * [and] any general dispositions.” The law makes no distinction between real and personal property when applying estate property to the payment of these charges. There is no longer any test under New York law requiring a finding of need in order to sell an estate asset to carry out the administration of the estate. Simply *1029 stated, the claim of the executor is that if he is statutorily authorized to sell any estate property to pay administration expenses, satisfy legacies or make distributions, and is not required to justify the sale of such asset on a need basis, then any reasonable expenses attributable to such sale should be allowed as proper administration expenses. Petitioner relies on Matter of Larson (87 Misc 2d 397) as authority, which case is distinguishable only by the fact that there were four residuary legatees instead of one, as in this case.
The problem of deductibility arises out of the cross-referencing between the Internal Revenue Code (26 USC) § 2053 (a) and the New York Tax Law (art 26, § 955) as affected by the Federal Estate Tax Regulations (26 CFR) § 20.2053-3. In fact, practical statutory application lends itself to such torturous logic that both parties in this proceeding cite the same case as authority for their positions, namely Posen v Commissioner of Internal Revenue (75 USTC 355 [1980]). In Posen, a case involving a sole residuary legatee/fiduciary, expenses were deducted for the costs of selling decedent’s home, which expenses were questioned by the Federal Government. In both Posen and the present estate, there were sufficient other estate assets available to satisfy all debts, taxes, legacies and administration expenses, without resorting to the sale of the decedent’s dwelling. In both cases, the fiduciary had no personal need or desire for the decedent’s home and decided to liquidate it through the estate.
26 USC § 2053 (a) (2) provides for a deduction from the value of the gross estate of "such amounts * * * for administration expenses * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered.” New York Tax Law, article 26, § 955 (a) provides that "[t]he New York estate tax deductions for the estate of a deceased resident mean the deductions from his federal gross estate allowable in determining his federal tax estate under the internal revenue code.” In short, the State looks to the Federal Government on the deductibility issue and the Feds look back to the State. In Posen (75 USTC, at 361, supra), the Tax Court concluded "that the allowability of the selling expenses at issue here is dependent, under New York State law, upon whether the sale was advantageous to the heir and not upon whether the sale was 'necessary’, as that term is utilized in section 20.2053-3, Estate Tax Regulations].” The court further concluded that such sale was clearly advantageous to the beneficiary/fiduciary and that "expenses of sell *1030 ing the apartment were allowable administration expenses of the estate under New York State law.” (Supra.)
In spite of this Tax Court finding of deductibility of these selling expenses under New York law, they were nonetheless denied deductibility by the Federal Government on the 706 return based upon Federal Estate Tax Regulations (26 CFR) § 20.2053-3 (a). Federal Estate Tax Regulations (26 CFR 20.2053-3 [a]) limits the deductibility of "administration expenses” to those "actually and necessarily, incurred in the administration of decedent’s estate.” Section 20.2053-3 (d) (2) provides that "[e]xpenses for selling property of the estate are deductible if the sale is necessary in order to pay the decedent’s debts, expenses of administration, or taxes, to preserve the estate or to effect distribution.” In both Posen (supra) and in the present case, it was clearly not necessary to sell the decedent’s dwelling, since the sole residuary beneficiary could receive it in kind and there would still be sufficient assets to meet all other estate obligations. The dichotomy in statutory application exists because New York State has no "needs” test before a fiduciary can liquidate all estate property for any of the purposes set forth in SCPA 1902 or EPTL 13-1.3, while the Federal Government retains its "needs” test in the Federal Estate Tax Regulations.
The irony here is that the New York State Tax Commission is not relying on either the New York Tax Law or the Internal Revenue Code to deny deductibility to the selling expenses but instead is relying on Federal Estate Tax Regulations which are in no place cross-referenced in the New York Tax Law (see, Tax Law, art 26, § 951). Article 26, § 955 makes specific reference to deductibility as determined under the "Internal Revenue Code” which only looks back to the deductibility of the selling expenses under the laws of the decedent’s domicile. In Posen (supra), the Tax Court has clearly stated that under these facts, the selling expenses are deductible under New York law.
Perhaps most damaging to the position of the New York State Department of Taxation is that even the Federal judicial establishment is not in accord on the conflict between State law and the Federal Estate Tax Regulations as to the deductibility of selling expenses. In Estate of Park v Commissioner of Internal Revenue (475 F2d 673), on facts virtually identical with this case, the Tax Court disallowed the real estate selling expenses based upon the Federal Estate Tax Regulations. The Circuit Court of Appeals, Sixth District, reversed the Tax *1031 Court ruling that (at least in the Sixth District) the deductibility of an expense under 26 USC § 2053 (a) is governed by State law alone. In both Park and the present case, it was conceded that local law allowed the selling costs as a proper administration expense.
In ruling in favor of the taxpayer, the District Court in Park held (475 F2d, supra, at 676-677): "The respondent [IRS] would have us distinguish between what is necessary for the estate and what is for the individual benefit of the beneficiaries. We decline to draw such a distinction, primarily because it is not warranted by the wording of § 2053(a). Also, the distinction is untenable because any action that benefits the estate will also in effect benefit the beneficiaries * * * If the fiduciary on the basis of his sound judgment * * * feels that the estate would benefit by the sale of the real estate * * * the availability of the deductions under § 2053(a) should not be denied because the respondent does not deem the sale to have been necessary.”
This same reasoning was applied by the Surrogate in the Larson case (supra) in allowing the deduction for selling expenses. The benefit to the estate beneficiaries in selling the property and deducting the expenses exists whether the beneficiaries are four in number or one. It would be most illogical for this court to ignore the plain language of section 2053 (a) and apply Federal Estate Tax Regulations on a purely New York State estate tax issue, especially when the Federal courts are not in full accord on the Federal deductibility of such expenses.
Accordingly, the application is granted. The notice of deficiency against the estate is cancelled.